Judge Graham
delivered the opinion of the Court.
Evans sued out a warrant ‘in covenant on warranty’ for $15 against Wrenchy, and another of the same character against Sanders. They were each dismissed by the justice for want of jurisdiction, and on appeal to the County Court, the appeals being heard together,’ that Court also, “on motion of the attorney for the appellees, dismissed each appeal for want of jurisdiction,” and gave judgment for costs in their Court as well as before the justice. The record shows that the warrant in each case was founded upon a deed made by four heirs and devisees of James Sanders, deceased, of whom the appellees were two, conveying to the appellant a tract of land “for the consideration of the sum of sixty dollars (that is to say $15 per share) to them in hand paid,” &c. The warranty in the deed is that said heirs, “each for his separate undivided share aforesaid in said tract of land hereby conveyed, warrants and will each separately for his own share forever defend said interest,” &c. The County Court, we suppose, were of opinion that as the indenture was in the names •of the four devisees, and as the entire consideration *292 was sixty dollars, the action should have been for the whole, and not to recover each one’s portion separately. In this they were mistaken.
Where several grant in one deed the separate interest which each has in the estate, the covenant shall be considered to extend to the interest granted: (1 Chitty 47) and if separately, warrant to the extent of the interest granted, suit for the breach of the covenant shall be several.
Where the damages laid in a warrant for breach of covenant is less than £5, Justices of the Peace have jurisdiction.
Though no appeal or writ of error lies to this Court from a judgment ol the County Court affirming or reversing the. judgment of a Justice under £5: (1 Stat. Law, 133) yet this Court will reverse where the Gounty Court having ny law jurisdiction improperly refused to exercise it: (10 B. Monroe, 193.)
The rule is this: In the case of parties demising or granting the separate interest of each in an estate, the covenant shall be considered co-extensive with the interest granted; and, therefore, these shall be several, where a several interest is granted; and'joint, if a joint interest be granted: (1 Chitty, 47.) In this case, although all have united in the deed, it is in fact the separate covenant of each. The consideration is $15 to each, and the covenant expressly stipulates that each heir warrants separately for his own share. The plaintiff very properly sued oat his warrant against each separately, and if he can prove a breach of the covenant of warranty, will be entitled to recover of each defendant.
The damages laid in the warrant being less than five pounds, the County Court had jurisdiction and ought not to have dismissed the appeal for want of jurisdiction.
But as “ no appeal shall be taken from the County Court affirming or reversing the judgment of a Justice of the Peace, nor shall a writ of error be issued from the Court of Appeals to reverse the same,” (1 Statute Law, 133,) it is insisted that this Court cannot revise the judgment of the County Court. The judgment in this case is neither an affirmance or reversal of the judgment of the Justice of the Peace. It is but a declaration by the County Court that they will not try the cause. The want of jurisdiction is the reason assigned for their refusal. This dismissal could not be plead in bar to a warrant or appeal subsequently prosecuted for the same cause of action: Waggener vs Highbaugh, (10 B. Monroe, 193.)
Because of the error in dismissing the appeal the judgment of the County Court is in each case reversed, and the cause remanded to that Court with directions to set aside the judgment, and try the appeals on their merits.
Cavan for plaintiff; Apperson and Andrews for defendants.