## WHITTERN ET AL. *v.* KRICK ET AL.

[No. 4,509. Filed November 5, 1903.]

COVENANTS.—*Warranty Deed.*—*Grantee's Knowledge of Encumbrances.*— The right of a grantee to recover on a covenant of warranty in a deed is not affected by the grantee's knowledge of the existence of an encumbrance at the time of conveyance. *pp. 583, 584.*

VENDOR AND PURCHASER.—*Reconveyance by Warranty Deed to Satisfy Purchase-Money Mortgage.*—*Judgment.*—*Priority.*—*Judicial Sale.*—The mortgagor of land, in satisfaction of a purchase-money mortgage, reconveyed the land to the mortgagee, and the mortgagee, not knowing that there was on the land the lien of a judgment against the mortgagor, satisfied the mortgage. Thereafter the mortgagee conveyed the land by warranty deed to plaintiff. After the death of mortgagee, plaintiff brought suit to enjoin the levy of execution on the land by the judgment creditor and to revive the mortgage lien as prior to the judgment, and the court so decreed. The amount of the mortgage lien was fixed at the face of the mortgage less the rental value of the land while occupied by plaintiff. The judgment creditor bought the land at judicial sale, paying to plaintiff the amount of his mortgage lien. Subsequently plaintiff paid to the judgment creditor the amount of both mortgage and judgment and took an assignment of the certificate of sale in order to cut off certain other judgment liens existing on the land. *Held,* that the plaintiff could recover the amount of the judgment from the mortgagee's heirs, after his estate had been finally settled. *pp. 578-589.*

COVENANTS.—*Against Encumbrance.*—A covenant of warranty against encumbrances, in a deed of conveyance, runs with the land. *p. 587.*

COVENANTS.—*Breach of Covenant.*—*Death of Covenantor.*—*Action Against Heirs.*—Where a claim against a decedent's estate is in the nature of damages for a breach of warranty in a deed which had been executed by decedent, and which did not accrue until after the final settlement of the estate, there may be a recovery in an action against the legal heirs of the decedent. *pp. 587–589.*

APPEAL. — *Pleading.* — *Proof.* — *Variance.* — *Complaint Considered as Amended.*—Where a certain transaction is erroneously referred to in a complaint as a "redemption," when the facts set forth in the same connection and the proof on the trial showed, not a redemption but a procurement of an assignment of a sheriff's certificate of-sale, the judgment will not be reversed on appeal for variance. The language of the complaint in this respect will be considered as amended. *p. 589.*

From Allen Circuit Court; *J. H. Aiken*, Special Judge.

Action by Henry Krick and another against Lavina N. Whittern and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*R. S. Robertson, W. S. O'Rourke, T. E. Ellison* and *H. G. Keegan*, for appellants.

*E. W. Meeks, W. G. Colerick, K. C. Larwill* and *Guy Colerick*, for appellees.

BLACK, J.—The appellees, Henry Krick and Joseph T. McIntosh, brought their action against the appellants, as the heirs at law of Charles Whittern, deceased, to recover damages for a breach of the covenant of warranty against encumbrances in a deed of conveyance of certain real estate situated in Allen county. The complaint showed the conveyance of the real estate by the decedent and his wife, one of the appellants, by a deed set out as an exhibit, February 23, 1891, for the price of $610, which sum the appellees then paid to the decedent; that afterward Charles Whittern died at Allen county, intestate, and that the appellants were his widow and children and grandchildren, and that all his property descended to the appellants in portions stated; that his estate was duly administered, and on June 14, 1898, was finally settled, and the administrator was then discharged; that under an order of the proper

Whittern *v.* Krick.

court made May 17, 1898, the administrator distributed among the appellants, heirs at law, the sum of $5,412.40, remaining in his hands, which they received in accordance with their proportionate interests; that the appellants also received by the death of the grantor Charles Whittern and as his heirs at law, about 500 acres of real estate in said county, then and still of the value of $18,000, in accordance with their proportionate interests therein; that at the time of the execution of the deed of conveyance to the appellees a judgment existed in favor of one Thomas McMahon against John A. Corbaley, Franklin Freese and Jonathan Hart, rendered in the superior court of Allen county, December 5, 1890, for $633.17 and costs, which was duly rendered, and which at the date of said deed of conveyance was a valid lien on the real estate thereby conveyed, which at that time was owned by said Corbaley and Freese, and which was by them sold and conveyed to the decedent January 21, 1891; that by the provisions of the deed of conveyance to the appellees the grantor and his heirs covenanted with the appellees that the title so conveyed to them was clear, free, and unencumbered, and that he was lawfully seized of the real estate as of a sure and indefeasible estate of inheritance in fee simple, and that he would warrant and defend the same against all claims whatsoever. It was alleged that after the death of the grantor, one John H. Brannon, as guardian of said McMahon, caused execution to be issued on the judgment to the sheriff, who levied the same on the real estate, and thereupon the appellants, or some of them, caused an action to be brought in the court below in the name of the appellee Krick, as plaintiff, against the sheriff and Brannon, as guardian, to enjoin the sale of the real estate on the execution, and asserted in the complaint therein that the decedent had sold the real estate to Corbaley and Freese, and had taken a mortgage on the real estate to secure the payment of the purchase money; that afterward,

being unable to pay the purchase money, they had reconveyed the real estate to the decedent, and he had canceled the record of the mortgage in ignorance of the existence of the judgment lien, and asking that the mortgage lien be revived as against the judgment lien, which action resulted in a decree whereby the amount of the mortgage lien was ascertained and determined at $701.58, and declared to be prior to the judgment lien; and also that the judgment of McMahon was a lien on the real estate, but junior to the mortgage lien, and the decree fixed the amount thereof at $587.89, and costs accrued at $46.53, and fixed the sum of both liens at $1,389.04 and costs; and it was further decreed that upon the payment of the amount of the mortgage lien by Brannon, guardian, he should be subrogated to the rights of the holder of the mortgage lien; that thereafter Brannon, as guardian, paid said sum, and caused a duly certified copy of the decree and the order of the court directing the sale of the real estate to pay the liens and costs to be issued by the clerk to the sheriff, who duly sold the real estate February 24, 1900, to Brannon, as guardian, for $1,389.04, and issued to him a certificate of purchase therefor, and on April 26, 1900, the appellees "redeemed" said real estate from said sale by paying to Brannon the amount of the purchase money for which the real estate had been sold to him by the sheriff, and, in order to cut off certain other judgment liens existing on said land, and which had been rendered against Corbaley and Freese in favor of different persons, caused Brannon to assign to the appellee Krick the certificate of purchase, which he still held; that in effecting "said redemption" the appellees used and applied the sum of $701.58, which had been so paid by Brannon in payment of the mortgage lien, and the appellees were compelled in addition thereto to pay him in money the further sum of $687.42 to satisfy the judgment lien and costs, and thereby, it was alleged, they were damaged in the last-mentioned

sum in consequence of the existence of the judgment lien and the breach of the covenant in said deed by which the decedent warranted the real estate against all encumbrances. After some allegations relating to expenses, there was an averment of failure and refusal of the appellants to pay; and it was alleged that the sum paid to extinguish the judgment lien was not paid by the appellees until after final settlement of the estate of the decedent, and therefore they could not present and prosecute in the court below any claim against the estate for the amount so due them; and that each of the appellants received, as heir at law of the decedent, in property, real and personal, an amount exceeding the sum so due the appellees.

A demurrer to the complaint for want of sufficient facts having been overruled, there was an answer in four paragraphs; the first a general denial. The court sustained a demurrer to the other paragraphs. The second paragraph of answer, by facts alleged therein, showed that when the appellees purchased the real estate they had constructive notice that the judgment of McMahon was a lien thereon; that long before the decease of their grantor they had actual notice of the judgment, and actual knowledge that it was a lien on the real estate, and had requested him in his lifetime to have the lien satisfied and removed; that the grantor died March 11, 1897, and on March 23, 1897, one of the appellants named was appointed and qualified as administrator of the decedent's estate, and gave notice of his appointment by publication and posting as required by law, and that such proceedings were thereafter had in the court below having jurisdiction of the administration, that April 18, 1898—more than a year after the issuance of the letters of administration and the giving of notice thereof—he filed his final report as administrator in that court, and due publication and posting of notices thereof were made by him, and on May 17, 1898, he filed in that court proof of such publication and posting, and there-

upon the court then approved his final report and ordered
distribution of the balance in his hands, according to the
report, which distribution was made and reported to the
court, and the report was by the court approved, and the
administrator was discharged, and the estate was settled
and closed.   It was alleged that during all this time the
appellees had actual knowledge of the judgment lien and
of the pendency of the administration, and filed no claim
against the estate, and filed no statement of the lien, and
made no demand on the administrator for a settlement
or a release of the lien, but that soon after the final set-
tlement report was filed the appellee Krick, then and now
sole owner of the real estate by deed of conveyance from
his co-appellee, who the appellants claim has no interest
in the cause, filed in the office of the clerk of the court
below a verified complaint against the estate and admin-
istrator, setting up the breach of warranty alleged in the
complaint, and demanding damages therefor, and such pro-
ceedings were had that the claim was dismissed by the
court, and the appellee Krick has not taken an appeal from
the judgment of dismissal, and the time for an appeal
therefrom has expired; that during the pending of the
claim so dismissed the claimant made no showing of fraud
on the part of the administrator, or of excusable neglect
on his own part for not filing the claim before the filing
of the settlement report or that the claimant was insane,
an infant, or absent from the State during the pendency
of the administration; and that the suit at bar was not
brought within two years from such final settlement.   The
third paragraph contained allegations to the effect that
while the claim of the appellee Krick, so dismissed, was
pending before the court below, he, on August 1, 1898,
gave the appellants written notice to the effect that the
sheriff had levied on the real estate in question by virtue
of an execution on the McMahon judgment, and that the
appellees intended to hold the appellants liable on the cov-

enants of the deed for all damages the appellees might sustain; that afterward the appellee Krick, he being the sole owner of the real estate, entered into an agreement with the appellants that he, with their consent, and upon their agreement then made to pay the attorney's fees, would bring an action in the court below, and he did thereupon bring such suit, against the party claiming under the judgment and the sheriff, praying for the revival of the mortgage of Corbaley and Freese to the decedent, and for the foreclosure thereof, and the application of the proceeds thereof as a lien prior to that of the judgment, in favor of Krick, as owner by conveyance from the decedent to Krick and McIntosh and by McIntosh to Krick, that in such action the court adjudged that the mortgage be revived and declared a prior lien, and that the execution plaintiff should pay into court for Krick $701.58, the amount due on the mortgage, after deducting rental for the premises while occupied by the appellees; that the amount found due as a prior lien to the decedent upon the mortgage lien was $1,200, and exceeds the sum that the appellees would be entitled to recover in the action, if any, and it was reduced solely by a set-off for rents and profits while occupied by the appellees; that therefore the claim of the appellees was paid and satisfied before the commencement of this suit. It was also alleged that the appellants, pursuant to their agreement, paid the fees of the attorneys in said suit for the revival of the mortgage. This paragraph also contained averments like those of the second concerning notice of the judgment lien and concerning the final settlement of the estate. The fourth paragraph of answer, while somewhat more specific as to some of the facts, was in substance like the third paragraph.

If it be true that there was a breach of the covenant of warranty against encumbrances in the deed of conveyance from the decedent to the appellees, the right of the appellees to recover for such breach could not be affected by their

knowledge of the existence of the alleged encumbrance at the time of the conveyance, or by their knowledge thereof in the lifetime of their grantor, if the case at bar were a claim against the decedent's estate filed as such thirty days before the final settlement of the estate. The right of action is a legal claim upon an express covenant which covered all encumbrances known or unknown to the covenantees. Suit was instituted in the name of one of the appellees at the expense of the appellants, and upon their agreement, to procure a decree reviving the mortgage and declaring it still a subsisting and superior lien as against the subsequently rendered judgment; and when the amount of the mortgage lien had been paid in by the holder of the judgment lien, and he had thereby acquired the right to have the real estate sold for the satisfaction of both the liens, and he had been repaid the amount which he had so paid to acquire the superior lien, there was still left the amount of his judgment which was paid by the appellees, as was necessary for the removal of the encumbrance from the real estate; and it is for this amount only, so paid by the appellees, in addition to the amount paid and repaid on account of the mortgage lien, that they have sought and obtained relief in the case at bar.

The episode relating to the mortgage was a circumlocution which did not aid the appellants. In reviving the mortgage lien as a lien superior to the judgment lien, the amount to which the mortgage debt would have accumulated by the addition of interest was reduced by deducting therefrom the rental value of the real estate during the time it had been in the possession of the appellees, and the mortgage was treated as a lien prior and superior to the judgment lien for the amount of the balance so ascertained. Before the appellees purchased from the decedent, paying him the purchase price in full and receiving his covenant of warranty, he had released the purchase-money mortgage executed to him by his former grantees upon their recon-

veyance of the mortgaged real estate. In reviving the mortgage lien at the suit, nominally, of the appellee Krick, he was subrogated to the right of the mortgagee, the decedent, and it was in favor of the nominal plaintiff that the lien of the mortgage was declared superior to that of the judgment. Being thus, by subrogation, treated as a mortgagee who had long been in actual possession of the mortgaged real estate, it was not improper, as against the appellants, in declaring the mortgage lien in his favor to be superior to the subsequent judgment lien, to deduct from the amount of the mortgage lien the rental value of the real estate for the period of the rightful possession of the mortgagees. As the result of the enforcement of the judgment against the real estate in the manner shown by the pleadings, in accordance with the judgment in the case conducted by the appellants in the name of one of the appellees, the latter were compelled to pay the amount of the judgment lien in order to protect the real estate from an encumbrance against which the decedent covenanted, and they were entitled to a recovery for such breach of the covenant of warranty, unless precluded by other considerations urged by the appellants, which we will now examine.

It is contended that if there was any right of action in the appellees it was a claim against the estate of the deceased warrantor, which should have been filed against the administrator of that estate before it was finally settled, and that, not having been so filed, it is barred, and may not be enforced against his heirs at law.

Counsel for the appellants direct attention to certain provisions of our statute relating to the settlement of decedents' estates. By §2465 Burns 1901, it is provided that no action shall be brought by complaint or summons against the executor or administrator for the recovery of any claim against the decedent, "but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the

court in which the estate is pending," and that if such claim be not filed at least thirty days before final settlement of the estate, it shall be barred, except as thereafter in said statute provided in case of liabilities of heirs, devisees, and legatees. By another section of the same statute, cited by the appellants (§2470 Burns 1901), it is provided that if any person interested in such estate shall execute bond, with penalty and surety to the acceptance of a creditor whose claim is not due, for the payment thereof when it shall fall due, if it shall prove to be a legal demand, the court, on such bond being delivered and accepted, and a statement thereof subscribed by the creditor filed in the court, shall direct a minute thereof to be made on its order-book, and the estate be discharged from further liability touching it. Section 2597 Burns 1901, also referred to by the appellants, provides that the heirs, devisees, and distributees of a decedent shall be liable, to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to the final settlement of the estate was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed; and that suit upon the claim of a creditor out of the State must be brought within two years after the final settlement. Then, we have also a statute (§3344 Burns 1901) as follows: "Lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement shall be answerable upon such covenant or agreement to the extent of property descended or devised to them, and in the manner prescribed by law."

In *Bundy* v. *Ridenour*, 63 Ind. 406, it was held that for a breach of the covenant against encumbrances in a warranty deed, in the absence of fraud, there can be no recovery except of nominal damages, where there has been no eviction, and no payment of or upon the encumbrance.

The covenant of warranty ran with the land.  *Dehority* v. *Wright,* 101 Ind. 382; *Worley* v. *Hineman,* 6 Ind. App. 240.

The claim of the appellees for reimbursement of the amount expended in the extinguishment of the judgment lien did not accrue until after the final settlement of the deceased grantor's estate.   The appellees were not required, as against the appellants, to anticipate that the judgment in question, taken against Corbaley and Freese and another, while Corbaley and Freese held the title to the real estate, would not be paid by the judgment debtors, but would be enforced against the land; but the appellees had the right to wait until the active measures mentioned in the pleadings were taken for the enforcement of payment of the judgment out of the land, and they were so compelled to pay off the encumbrance, whereby, and not sooner, they suffered the damage for which they sue.   They were not, before that action on their part, creditors and holders of a claim, either due or not due, in the sense of the statutes above quoted.   They ought not to be without a remedy, upon so meritorious a case, merely because of failing to do that which they were under no obligation to do.   Without any fault of the appellees toward the decedent or his estate or the appellants, the appellees were not in a position to assert a claim for damages for breach of the covenant against encumbrances until they have been compelled to pay off the judgment lien.   Having thus suffered damage by the breach of the covenant after the settlement of the estate of the deceased grantor, we think a fair view of the statutes as taken in *Blair* v. *Allen,* 55 Ind. 409, *Stevens* v. *Tucker,* 87 Ind. 109, and *Harmon* v. *Dorman,* 8 Ind. App. 461, should lead to the conclusion that the failure of the appellees to file a claim for breach of the covenant against encumbrances before the settlement of the decedent's estate, when they did not have a demand for a definite sum, should not exempt the appellants, as heirs

of the covenantor, from being answerable upon the covenant to the extent of the property descended to them. The reasonableness of such a view of the case is illustrated by the evidence and the references thereto of the appellants in their brief, to the effect that while Corbaley and Freese owned the real estate in question there were four judgments of record entered against them—one called the "Wilson judgment," February 11, 1890, for $286.53; one called the "Sunshine judgment," September 2, 1890, for $275, which was paid after the conveyance to the appellees; one called the "Wise judgment," September 22, 1890, for $241.05, also paid, after the conveyance to the appellees; and the "McMahon judgment," December 5, 1890, for $633.17, against Corbaley, Freese, and Hart, in part paid in 1891, after the conveyance to the appellees. The real estate was conveyed to the appellees February 23, 1891, for $610. The grantor died March 11, 1897. The decedent's estate was finally settled in 1898, while each of the judgments against Corbaley and Freese, and that against them and Hart, so far as not paid, continued to be a lien on the real estate, and would so continue for ten years after the rendition thereof. Whether the real estate in question would ever be resorted to for the satisfaction of either of the judgments, remained an uncertainty at the time of the final settlement of the estate, and, if paid by the appellees, they could recover upon the covenant of warranty only to the extent of the amount of their purchase money and interest thereon. They could hardly be required to anticipate that the McMahon judgment, and it alone, would be pressed against the real estate, and to pay all the judgment liens might require an expenditure of more than the value of the real estate and interest thereon. The certificate of sale to Brannon was assigned for the purpose of cutting out the other judgments. The liability of the appellees to be called upon for the payment of any of the judgments was so far contingent at the time of the settle-

ment of the decedent's estate that we think they should not be held to be deprived of a remedy against the heirs at law holding property descended from the covenantor.

It is insisted that the damages were excessive, and it seems to be thought that the appellants should have the benefit of the reduction of the amount of the mortgage debt made by reason of the possession and enjoyment of the real estate by the appellees. They received a deed of conveyance with full covenants, paid the entire purchase price, and went into possession under their conveyance. There could not arise any obligation on their part to their grantor for rents and profits. When they were subrogated to the rights of mortgagees in possession in the suit against the holder of the judgment and the sheriff, the deduction of the rental value of the premises while they had been in possession was made for the benefit of the junior judgment creditor. The amount which the appellees were required to pay of their own money to release the real estate which they recovered in this action was not greater than the purchase money and interest thereon.

It is claimed that there was a variance between the complaint and the proof, in that the complaint states that the appellees redeemed the real estate, while the proof was that they purchased the certificate of sale from Brannon. While the action of the appellees is spoken of in the complaint as a redemption, the facts stated in the same connection as to their action showed it to be the procurement of the assignment of the certificate for the purpose of cutting off the other judgment liens. The language of the complaint in this respect should be regarded as amended.

We find no available error. Judgment affirmed.