Ragle *v.* Dedman—50 Ind. App. 359.

## RAGLE ET AL. *v.* DEDMAN ET AL.

[No. 7,619. Filed May 9, 1912.]

1. TENANCY IN COMMON. — *Nature of Possession.* — There was unity of possession between tenants in common who acquired their land by descent, although the quantities of their estate or interest may have been unequal. p. 361.

2. DEEDS.—*Covenant of Warranty.—Construction.—Statute.*— Where a deed recites that the grantor "conveys and warrants" the premises, the provisions of §3958 Burns 1908, §2927 R. S. 1881, that such a deed shall be deemed a conveyance in fee simple, with covenant that the grantor is lawfully seized of the premises, that he guarantees quiet possession thereof, that the same are free from all incumbrances and that he will warrant and defend the title to the same against all lawful claims, should, in the construction of such deed, be read into it as if written therein at full length. p. 361.

3. TENANCY IN COMMON.—*Rights of Tenants.*—Tenants in common have all the rights of a tenant in severalty, except that of sole possession. p. 362.

4. TENANCY IN COMMON.—*Conveyance by One Tenant in Common. —Covenants.*—Where a tenant in common conveys his interest, any covenant in the deed is limited to the interest granted. p. 362.

5. DEEDS.—*Construction.*—Where the wording of a deed is subject to more than one construction, it must be construed so as to effectuate the intention of the contracting parties. p. 362.

6. DEEDS.—*Operation.—Judicial Power.*—Where the language employed in a deed is not uncertain, the contract as expressed in the deed must be enforced as made, although, in the opinion of the court, it may seem in some respects inequitable. p. 363.

7. DEEDS.—*Conveyance by Joint Tenants.—Covenants.—Joint or Several Nature.*—Where land was conveyed by warranty deed by tenants in common who had acquired the same by descent, and at the time there was a valid judgment against one of the tenants which was a lien on his interest, the covenants in the deed, in the absence of language limiting them to the separate interests, must be construed as joint and as rendering all the tenants liable for the breach of the covenant arising from the existence of such judgment lien. p. 363.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by John W. Ragle and others against Eliza J. Dedman and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Stanley M. Krieg, Cicero Fettinger* and *W. D. Curll,* for appellants.

*Tweedy & Youngblood,* for appellees.

MYERS, J.—This action was commenced in the Pike Circuit Court, and on change of venue was sent to the Dubois Circuit Court. A demurrer for want of facts was sustained to appellees' second and third paragraphs of answer, and carried back and sustained to the complaint. Appellants refusing to plead further, judgment was rendered against them, and in favor of appellees.

The only error assigned is based on the action of the court in carrying back and sustaining to the complaint appellants' demurrer for want of facts to appellees' second and third paragraphs of answer.

Briefly, the facts sufficient to present the question here to be decided may be stated as follows: On March 14, 1906, appellees and Oliver Dedman conveyed certain real estate in Pike county, Indiana, by statutory warranty deed to appel-

lants. It appears that the land was bought and sold as an entirety, and the consideration therefor—$3,539.88—was paid in gross. The deed recites that the grantors were all the heirs at law of Hiram N. Dedman, deceased. At the time of the execution of the deed, there was a valid judgment against said Oliver Dedman, which was a lien on his interest in the land. Execution was issued on the judgment, and to prevent a sale of that interest, appellants, in May, 1907, were compelled to and did pay and satisfy said execution.

This being an action for damages for breach of covenant against incumbrances, the question for decision is, Shall that covenant in the deed be construed as joint or several?

It is conceded that the grantors acquired title to the land by descent from Hiram N. Dedman, deceased, and that they held the same as tenants in common. This being true, even though the quantities of their estate or interest may have been unequal, there was unity of possession between them. 1 Washburn, Real Prop. (6th ed.) §876. They conveyed the land as a common estate. They all joined in a deed, which, by legislative enactment (§3958 Burns 1908, §2927 R. S. 1881), "shall be deemed and held to be a conveyance in fee-simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all incumbrances, and that he will warrant and defend the title to the same against all lawful claims."

The quoted provision of the statute is covered by the words "convey and warrant," and must be read into the deed as if written therein at full length. *Jackson* v. *Green* (1887), 112 Ind. 341, 14 N. E. 89; *Dehority* v. *Wright* (1885), 101 Ind. 382; *Worley* v. *Hineman* (1893), 6 Ind. App. 240, 33 N. E. 260. The deed contains no special provisions on the part of any of the grantors limiting the broad scope of the

covenant against "all incumbrances," nor is there any covenant inconsistent with the general one in this respect. Consequently, we have before us a deed in which the parties, to express their intention, employed clear and positive language. The subject-matter was the common estate, and a covenant against incumbrances, under our statute for "quiet possession," would attach and run with it. *Whittern* v. *Krick* (1903), 31 Ind. App. 577, 68 N. E. 694.

Under the facts in this case, each of the grantors, at the time they executed the deed to appellants, had all the rights of a tenant in severalty, except that of sole possession (1 Washburn, Real Prop. [6th ed.] §877) ; and in the exercise of that right, any one of them might have conveyed his interest, in which case any covenant in the deed would be limited to the interest granted. While such interest could not be conveyed in severalty, or described separately by metes and bounds, yet it would be a transaction within the following rule: "In the case of parties demising or granting the separate interest of each in an estate, the covenant shall be considered co-extensive with the interest granted; and, therefore, these shall be several, where a several interest is granted; and joint, if a joint interest be granted." *Evans* v. *Sanders* (1850), 49 Ky. 291.

Appellees earnestly insist that the complaint is insufficient, for the reason that it fails to allege that the grantors intended to warrant more than their individual interest, and that it fails to show a consideration for one cotenant to warrant the title of the other.

The rights of the parties must be measured by their agreement as expressed in the deed. If the wording of that instrument was subject to more than one construction, it would be the duty of the court so to construe it as to effectuate the intention of the contracting parties. But as the language employed is not uncertain, there is no ground for construction, and the contract, as expressed in

the deed, must be enforced as made, although, in the
6.  opinion of the court, it may seem in some respects in-
equitable. *Cravens* v. *Eagle Cotton Mills Co.* (1889),
120 Ind. 6, 21 N. E. 981, 16 Am. St. 298; *Consolidated Coal,
etc., Co.* v. *Mercer* (1896), 16 Ind. App. 504, 44 N. E. 1005.

As applicable to the facts in this case, Rawle, Covenants
(5th ed.) §304, states the law as follows: "Whether the lia-
bility created by covenants for title be joint, or several, or
joint and several, obviously depends upon the terms in which
they are expressed. Where an obligation is created by two
or more, the general presumption is that it is joint, and
words of severance are required in order to confine the lia-
bility of the covenantor to his own acts." In support of this
proposition the author cites Touchstone, 375; *Carleton* v.
*Tyler* (1839), 16 Me. 392, 33 Am. Dec. 673; *Donahoe* v.
*Emery* (1845), 9 Met. (Mass.) 63, 67; Platt, Covenants 117;
*Comings* v. *Little* (1837), 24 Pick. 266; *Click* v. *Green &
Sadler* (1883), 77 Va. 827. See, also, *City of Philadelphia* v.
*Reeves* (1865), 48 Pa. St. 472; *Ashburn* v. *Watson* (1911),
8 Ga. App. 566, 70 S. E. 19.

In this case there are no facts before us indicating that
the covenants were to be limited to the separate interests, as
in the cases of *Redding* v. *Lamb* (1890), 81 Mich.
7.  318, 45 N. W. 997; *Evans* v. *Sanders, supra;* but on
the contrary, the wording of the deed imports a joint
obligation, and under the authorities cited, the demurrer to
each paragraph of the complaint should have been overruled.

Judgment reversed, with instructions to overrule the de-
murrer to each paragraph of the complaint, and for further
proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 367. See, also, under (1) 38 Cyc.
4; (2, 5) 13 Cyc. 601; (3) 38 Cyc. 14; (4) 38 Cyc. 101, 112; (6) 13
Cyc. 604; (7) 11 Cyc. 1055. As to the control of apparent interest
in construing a deed, see 31 Am. St. 26.