## LANE *v.* ZIEMER ET AL.

[No. 7,617. Filed May 31, 1912. Rehearing denied April 25, 1913. Transfer denied October 17, 1913.]

1. VENDOR AND PURCHASER. — *Executory Contracts.—Tender of Performance.—Sufficiency.*—A plea of tender of performance under an executory contract for the sale of land must show that the covenants offered to be performed were coextensive with those contained in the obligation. p. 282.

2. VENDOR AND PURCHASER.—*Executory Contracts.—Tender of Performance.—Sufficiency.*—Where the obligation to convey and warrant title is joint, a performance of such obligation is not met by a tender of a separate conveyance and warranty of such title by each, or only part, of the joint obligors. p. 282.

3. VENDOR AND PURCHASER.—*Executory Contracts.—Suit to Rescind.—Complaint.—Sufficiency.*—A complaint to rescind an executory contract for the sale of real estate, alleging that plaintiffs and a named decedent were the owners of certain real estate in undivided interests which they contracted to sell to defendant through his agent, that decedent died intestate leaving as his only heirs a widow, who is a coplaintiff, and an infant child, who, because of such infancy, is made a defendant, that plaintiffs and such coplaintiff, being the owners of interests aggregating an undivided eleven-twelfths of the land, tendered to defendant's agent a good abstract of title and deed, and offered to accept their proportionate part of the purchase price, that defendant's agent refused such offer, that plaintiffs offered to return the earnest money paid by defendant and demanded a rescission, that defendant and her agents concealed themselves and failed to appear at the time and place of performance fixed by the contract, which was prior to the death of decedent, when plaintiffs and decedent were ready to perform, and that defendant has refused to perform the contract on her part, is sufficient to withstand a demurrer. p. 282.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Henrietta Ziemer and others against Morton H. Lane. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Hodges & Ridgley,* for appellant.
*Legrand & Meyer,* for appellees.

HOTTEL, C. J.—This is a suit brought by appellees against appellant to rescind and cancel an executory contract for the sale of certain described real estate. Demurrers were sustained to the various paragraphs of complaint filed in the cause, except to the second paragraph of· the second amended complaint, hereinafter referred to as the complaint. The demurrer to this paragraph was overruled, and appellant having refused to plead further, judgment was entered, rescinding said contract in so far as appellees were affected thereby, and quieting title to said real estate in appellees. The only question presented by this appeal is the alleged error in overruling said demurrer.

The averments of this paragraph material to the presentation of the question involved in appellant's objection to the sufficiency thereof are in substance as follows: that on June 29, 1908, appellee Henrietta Ziemer was the owner in fee of an undivided one-third of the real estate here involved; that Frederick Ziemer, now deceased, and appellees Albert Ziemer, William Ziemer (designated in the body of the complaint as Frederick) and Emily Ott were each the owners of an undivided one-sixth in fee as tenants in common of said real estate; that on said date said appellees and said Frederick Ziemer entered into a written contract for the sale of said land to appellant, the latter acting through an agent, one Will H. Moore; that on August 15, 1908, said Frederick Ziemer died intestate and left as his sole heirs at law his wife, the appellee Augusta Ziemer, and a child, born after the death of said Frederick, said child being also named Frederick and made defendant because of his infancy; that appellee Augusta Ziemer and said child are each the owners in fee of an undivided one-twelfth of said real estate; that said Frederick Ziemer died owing no debts of any kind whatsoever and that an administrator of his estate was duly appointed in Lake Superior Court; that the interests of appellees in said real estate have at all times remained the same as on June 29, 1908, except as the interest of said Fred-

erick Ziemer was transferred by death and the laws of descent to his wife, the appellee Augusta Ziemer, and his infant child; that in accordance with the terms of said contract of sale appellees caused said real estate to be surveyed by A. P. Melton, a civil engineer, and did, within thirty days from June 29, 1908, procure and tender to appellant's agent, said Moore, a good and sufficient abstract of title to said real estate, showing title thereto in appellees, that such title was good and clear in appellees, and that they were then and have been at all subsequent times ready, willing and able to convey their respective interests therein to appellant; that they have in all things performed all the conditions of said contract to be by them performed; "that the negotiations for the purchase of said real estate were carried on in the name of appellant by one Will H. Moore, a resident of Chicago, Illinois, and one W. A. Marigold, also a resident of Chicago, Illinois, and that both persons assumed to act and did act for and on behalf of said defendant Lane"; that on December 1, 1908, appellees, being then the owners of an undivided eleven-twelfths of said real estate, their respective husbands and wives joining, executed and tendered to one Marigold, appellant's agent in that behalf, a good and sufficient warranty deed to their said undivided interests in said property and offered to accept for said deed their proportionate part of the agreed purchase price; that said Marigold refused to accept said deed; that on said date, and at divers times prior thereto, appellees tendered to said Marigold, as agent for appellant, the sum of $250 alleged to have been paid by appellant on said contract as earnest money and demanded a rescission and cancelation of said contract, which appellant and her agent refused to do and accept; that said sum is brought into court for the use and benefit of appellant.

That part of the contract for the sale of said real estate important as affecting the question raised by the objection to the complaint is as follows:

"Received June 29th, 1908, of M. H. Lane $250 as deposit on the sale by us to the said M. H. Lane of all of the Ziemer home property located on the north side of 15th Ave., * * * (here follows description) the land hereby sold containing 7 or 8 acres, and the selling price being ($1000) per acre. The amount of the acreage hereby sold to be determined and shown by plat made by A. P. Melton, surveyor, or some other surveyor the parties hereto may agree upon. * * * . The undersigned is, within thirty days from date, to furnish an abstract of title to date, showing title good and clear and convey the same by warranty deed. If the title so shown is good and clear the buyer is, within sixty days from this date to accept said deed and pay the balance of the purchase price in cash; otherwise to forfeit the said $250. The above is binding on the heirs and assigns of the sellers and buyers. Albert Ziemer. Fred Ziemer, by Albert Ziemer. Henrietta Ziemer. William Ziemer, by Albert Ziemer. M. H. Lane, by Will H. Moore, Mrs. Henry Ott, by Albert Ziemer, agent."

It is contended by appellant that the averments of this complaint upon the subject of the deed tendered to her are insufficient in that these averments expressly show that the deed tendered conveyed only an undivided eleven-twelfths of the real estate sold, while under the contract of purchase she was entitled to a warranty deed to the entire tract from all its owners in common; that "by the terms of the contract, it is certain that the sellers undertook jointly to convey the entire tract, and by no force of construction, or the terms of the contract, can it be held to be a contract on the part of each tenant in common to convey his undivided interest on the payment of that proportion of the purchase price represented by such undivided interest. The contract calls for the payment of the entire purchase price, and the appellant is not bound to assume the burden of dividing the same among the sellers." As supporting her contention appellant relies upon the following cases: *Clark* v. *Redman* (1825), 1 Blackf. 379; *Johnson* v. *Collins* (1852), 20 Ala. 435; *Lawrence* v. *Parker* (1804), 1 Mass. 191, 2 Am. Dec.

10; *Gaither* v. *Doherty* (1889), 12 S. W. (Ky.) 306, 308; Sugden, Vendors 558; *Hill* v. *Hobart* (1839), 16 Me. (4 Shep.) 164. We recognize the general rule supported by these cases to the effect that a plea of tender in cases of the character here involved must show that the covenants offered to be performed were coextensive with those contained in the obligation. We also recognize the rule that where the obligation to convey and warrant title is joint, that a performance of such obligation is not met by a tender of a separate conveyance and warranty of such title by each, or only part, of the joint obligors. This court in the recent case of *Ragle* v. *Dedman* (1911), 50 Ind. App. 359, 98 N. E. 367, recognized the liability of each and all the joint warrantors of title to protect the title so warranted. See authorities cited in that case.

The complaint in the case at bar sets out the respective interests of the vendors of the real estate sold, and alleges in effect that it was so held at the time of the sale. The contract of sale filed as an exhibit bears date, June 29, 1908, and shows an obligation on the part of the several vendors therein to convey their title in such real estate by warranty deed within thirty days from the date of such contract, within which time an abstract of title was also to be furnished; also an obligation on the part of the purchaser, in case the title to said real estate was shown by the abstract to be clear, to accept such deed and pay the balance of the purchase price in cash within sixty days or otherwise to forfeit the $250 receipted for by the vendors as a deposit on said sale. The complaint further alleges in effect that one of such vendors died on August 15, 1908, sixteen days after the time in which said deed was to be made, and that the surviving vendors together with the adult heir of the deceased vendor tendered a deed conveying the entire interest held by them in common, and being the entire interest except that held by a minor child of the deceased

vendor; that with such tender they jointly offered to accept a corresponding part of the purchase money agreed to be paid by appellant for such real estate; that appellant refused to accept such conveyance so tendered and declined to pay such part of the purchase money, that appellees then offered to return the entire purchase money, paid by appellant as earnest money on said contract, and demanded a rescission and cancelation of said contract which appellant refused to accept or do, and appellees now bring all of such earnest money into court and demand such cancelation and rescission of such contract. It is apparent that these averments in the complaint at bar present a case differing, in several essential respects, from any of the cases cited and relied upon by appellant, but whether the rule announced in the cases, *supra,* should be extended and made to cover and apply to a case of this character we need not and do not decide, for the reason that, in our opinion, there are other averments in this complaint which render it sufficient, even though insufficient in respect to its allegations concerning the deed tendered.

In addition to the averments above set out this complaint contains averments in substance as follows: that appellees believe that the defendant Lane is not interested in said contract in any way in her own right and that she is being used as a figurehead by unknown persons for the purpose of carrying on said negotiations and contract in delaying and hindering appellees and thereby clouding their title to said land; that by due and diligent search they have been unable "to locate and discover" appellant; that they have no knowledge of the persons using appellant for said purpose other than the said Moore and Marigold; that they believe appellant has no agent in Lake County representing her during all of the time of the pendency of said contract; *that appellees were ready at all times to carry out the conditions of said contract; "that the defendant Morton L. Lane, without right refused to carry out her part of said agreement*

and never presented herself for said purpose and that by the terms thereof, either in person or by her agent, which time by said contract was fixed for September 1, 1908, and *in Tolleston, Lake County, Indiana.* That plaintiffs herein have not extended the time nor terms nor the place of performance of said contract in any way, shape or form. That said defendant Lane did not appear in person nor by her agents, Will H. Moore and W. A. Marigold, before plaintiffs or either of them, at any time fixed in said contract for the purpose of complying with its terms, nor did said defendant or her agents, ever request plaintiffs or either of them to prepare a deed to said real estate, or tender payment thereon to plaintiffs in accordance therewith. Nor did said defendant or her agents ever tender or offer to tender to plaintiffs, the balance of said purchase money, or any part thereof, and *that during all of said time subsequent to the execution of said contract said defendant and her said agents have concealed themselves from plaintiffs* although plaintiffs went to Chicago, Illinois, for the purpose of seeking defendant and her agent or agents for the purpose of carrying out the conditions of said contract on their part *to be performed and that at divers occasions plaintiffs appeared in person and by their agents in Chicago, Illinois, before the said Moore and Marigold, to offer to perform and were ready and willing to perform all of the conditions contained in said contract, and that said agents acting on behalf of said defendant, refused,* without just cause, *to carry out the conditions of the contract on their part to be carried out.*"

Apparently there has been some clerical error in copying one or two of the allegations, *supra,* and some of the averments are not well pleaded, but we think they clearly and sufficiently show that the deceased vendor in said contract did not die until some sixteen days after the expiration of the time fixed for the vendors to furnish the abstract and deed, that they furnished the abstract and were ready at all times to carry out the conditions of said contract and

appellant without right refused to carry out her part of such contract; that the appellant not only failed to appear at the time and place of performance or indicate any desire either to perform herself or to have appellees perform, but that during all of said time subsequent to the execution of said contract, appellant and her said agents concealed themselves from the vendors, and thereby rendered them unable to perform until after the death of said deceased vendor, and when they, in person and through their agents in Chicago, found the appellant's agents, the said Moore and Marigold, and offered to perform and were ready and willing to perform all the conditions contained in said contract, said agents of appellant refused to carry out the conditions of the contract on their part to be carried out. It must be remembered in this connection that this was not an absolute sale, but that the appellant, in case of her refusal to accept the deed and pay the balance of the purchase money within the time given, to wit: 60 days from the date of contract, was to forfeit the $250. The averments of this complaint show that appellant had in fact concealed herself and by her own acts and conduct abandoned and forfeited the contract before the death of the deceased vendor and before the tender of the deed executed by the surviving vendors and the widow of the deceased vendor which is now claimed to be an insufficient tender. Taking the complaint in its entirety we think it states a cause of action, and that the demurrer thereto was properly overruled. Judgment affirmed.

NOTE.—Reported in 98 N. E. 741. See, also, under (2) 39 Cyc. 1554. As to sufficiency and effect of tender, see 77 Am. Dec. 470; 30 Am. St. 460.