## PHIPPS *v.* SAPPENFIELD, ADMINISTRATOR.

[No. 8,251. Filed October 7, 1913.]

1. EXECUTORS AND ADMINISTRATORS.—*Claims.—Adjudication.—Collateral Attack.—Fraud.*—In a proceeding by an administrator to sell real estate to pay a claim against the estate, the claim could not be attacked on the ground of fraud, where, prior to such proceeding it had been disallowed by the administrator, tried in court and adjudged to be a valid claim, so that an order striking from the answer the allegations relating to fraud in such claim was not erroneous. p. 141.

2. ESTOPPEL.—*By Deed.—After-acquired Title.*—The general rule, that one who has conveyed lands by a warranty deed is estopped from asserting an after-acquired title, is not strictly applicable where such a grantor is asserting a claim against the same which

existed at the time the deed was made, although such claim, since the execution of the deed, has been changed in form to a judgment. p. 142.

3.   COVENANTS.—*Construction.—Joint or Several Covenants.—"Convey and Warrant."*—Where by the terms of a deed the grantors, who were tenants in common, convey and warrant, with no restrictions whatever on the covenants of warranty, the terms "convey and warrant" must be construed as a joint covenant of warranty, which includes a. covenant against incumbrances. p. 142.

4.   ESTOPPEL.—*By Deed.—Covenant Against Incumbrances.*—Where all the heirs of an intestate, tenants in common, joined in conveying the land and making a joint covenant of warranty to the surviving husband of intestate, an heir who at the time held a claim against the estate, which he afterwards established in court as valid, was estopped from asserting such claim against any of the land thus conveyed. p. 143.

From Washington Circuit Court; *Wm. H. Paynter,* Special Judge.

Petition by Emanuel Sappenfield, administrator of the estate of Catherine M. Phipps, for an order to sell real estate to pay debts. From a judgment for petitioner, Robert A. Phipps, surviving husband of the intestate, appeals. *Reversed.*

*Fred L. Prow* and *Fippen & Fippen,* for appellant.
*Frank L. Driskell* and *Mitchell & Mitchell,* for appellee.

IBACH, J.—Appellee, as administrator of the estate of Catherine M. Phipps, brought a petition in the court below for an order directing him to sell certain described real estate in order to pay the debts of her estate. Appellant, the surviving husband of Catherine M. Phipps, answered in four paragraphs, and parts of his second and third paragraphs of answer and all of his fourth paragraph of answer were stricken out on motion of appellee. It is urged that the court erred in sustaining these various motions to strike out.

The answers aver, in substance, that William F. Phipps, the son of Catherine M. Phipps, as her heir at her death became the owner in fee simple of the undivided one-sixth

part of the land described in the petition, and appellant as her husband became the owner in fee simple of one-third; that William F. Phipps, and the other children and heirs, after the death of their mother, conveyed to appellant by warranty deed for a valuable consideration their two-thirds interest; that after appellant had paid the legal debts of the estate, William F. Phipps procured an administrator to be appointed, and filed a fraudulent claim against the estate; that he was the only claimant, and the petition was brought to sell the same real estate which he had conveyed and warranted to appellant; that he concealed his claim until after appellant had paid all the legal debts; that William F. Phipps and the other heirs by the execution of the deed waived and intended to waive all claims which they had against the estate; that William F. Phipps and the other heirs when they joined in the deed knew that the real estate therein conveyed constituted their mother's entire estate; that at the time of the execution of said deed there were no claims filed or pending against said decedent or her estate, or any claims of any kind except such as were waived and intended to be waived by the execution of said deed; that William F. Phipps was estopped from asserting any interest in or right to any part of said real estate after the execution of said deed of warranty.

The court sustained motions to strike out from the various answers the allegations that the claim of William F. Phipps was fraudulent, for the reasons that the claim had 1. been disallowed by the administrator, had been tried in court, and evidence heard, and judgment rendered in favor of William F. Phipps. The validity of the claim against the estate having been thus duly adjudicated, it could not be collaterally attacked upon the ground of fraud in this proceeding, and the court did not err in sustaining the motions to strike out from the several answers the allegations relating to fraud in the claim of William F. Phipps.

The court held that the answer in estoppel as to the one-

third interest of Robert A. Phipps and the one-sixth interest of William F. Phipps was good, but sustained the motion to strike out the parts which averred an estoppel as to the other one-half interest. By his decision the court found that appellant's one-third interest which he took as surviving husband, and the one-sixth interest which had been the property of William F. Phipps were not subject to sale to pay William F. Phipps'. claim, but that the remaining one-half interest was subject to sale to satisfy such claim. Appellant asserts the general rule that one who has conveyed lands by a warranty deed is estopped from asserting an after-acquired title, applies, and cites such cases as *Locke* v. *White* (1883), 89 Ind. 492; *Randall* v. *Lower* (1884), 98 Ind. 255; and *Johnson* v. *Bedwell* (1894), 15 Ind. App. 236, 43 N. E. 246. This rule is not strictly applicable here, for the reason that the claim of William F. Phipps was not an after-acquired claim, but existed at the time the deed was made, and was at that time a claim for which the land was liable, and since the deed was made, the claim has been merely changed in form to a judgment. If by the execution of the warranty deed he lost the right to assert the claim against the lands conveyed, the mere adjudication that his claim was valid against the estate would not change the effect of the estoppel worked by the deed. But appellee claims that if an estoppel exists, it extends only to the one-sixth interest which was the property of William F. Phipps, and such was the view of the trial court.

By the terms of the deed the grantors "convey and warrant" to Robert A. Phipps the undivided two-thirds of the real estate which is described in the administrator's petition to sell. There are no restrictions whatever upon the covenant of warranty. The terms "convey and warrant" must be construed as a joint covenant of warranty, which included a covenant against incumbrances. *Ragle* v. *Dedman* (1912), 50 Ind. App. 359, 98 N. E. 367. "Where two or more make a joint contract, each is liable to

the promisee for the whole debt or liability. Each obligor who is bound at all is legally liable for the whole undertaking.'' 2 Elliott, Contracts §1479. It was held in *Ragle* v. *Dedman, supra,* that where tenants in common conveyed land by a joint warranty deed, they were all liable on their covenant of warranty for an incumbrance which affected the interest of only one tenant. Conversely, where, as

4. in the present case, all the heirs, tenants in common, joined in conveying the land and making a joint covenant of warranty, such warranty extends on the part of each warrantor to the entire land conveyed, and not merely to the interest which he himself owned. William F. Phipps is not in the same situation that he would be if he had conveyed his interest by a separate deed. By entering into a joint deed with the other heirs he warranted title to the entire land conveyed by the deed, this covenant of warranty included a covenant against incumbrances, and by making the deed he was estopped from asserting as against all or any part of the land a claim which he held at the time, and which he afterward established in court as a valid claim against his mother's estate. The court erred in striking out the parts of the answers which showed William F. Phipps estopped as to all the land conveyed by the deed, and in holding that he was estopped only as to his one-sixth interest, and that the remaining half interest was subject to sale to satisfy his claim. No part of the land was subject to such sale.

For this error the judgment is reversed, and the cause remanded with instructions to overrule appellee's various motions to strike out parts from appellant's answers which show William F. Phipps estopped from asserting his claim against any part of the land described in the petition, and for further proceedings consistent with this opinion.

NOTE.—Reported in 102 N. E. 841. See, also, under (1) 18 Cyc. 534; (2) 16 Cyc. 689; (3) 11 Cyc. 1055; (4) 16 Cyc. 694. As to acquisition of after-acquired title through estoppel by deed, see 58 Am. Dec. 583; 41 Am. St. 722.