Jerry B. WINDELL, Appellant–Defendant,

v.

Robert C. MILLER, Jr., Executor of the Estate of Tommye Opal (England) Daniel, Deceased, Appellee–Plaintiff.

No. 10A01–9702–CV–47.

Court of Appeals of Indiana.

Nov. 13, 1997.

Michael T. Forsee, Jeffersonville, for Appellant–Defendant.

Samuel T. Green, Jeffersonville, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jerry B. Windell ("Jerry") appeals from the trial court's judgment that found him liable for breach of a Warranty Deed. Jerry and his former wife, Debra L. Windell ("Debra"), owned real estate as tenants in common which they conveyed to Tommye Opal (England) Daniel ("Daniel"), now deceased. Robert C. Miller, Jr. ("Miller"), the Executor of Daniel's estate, discovered that three judgment liens against Debra's undivided one-half interest in the real estate had been recorded prior to the sale. Miller paid $11,500 for release of the liens and then filed a complaint against both Jerry and Debra. After a bench trial, the trial court found Jerry and Debra jointly and severally liable. The sole issue presented for our review is whether Jerry is liable as a tenant in common for breach of the covenant that the real estate was free from all encumbrances.

We reverse.[1]

### FACTS

Jerry and Debra purchased a marital residence in 1976. During the marriage, Jerry and Debra owned the real estate as tenants by the entirety. The couple divorced in 1991, and they then owned the real estate as tenants in common. Debra continued to occupy the residence after the divorce and remained responsible for the mortgage. When Debra experienced financial difficulties, Jerry's mother, Betty, paid the $6,957.48 balance owed on the mortgage in order to prevent a foreclosure.

In August of 1993, Jerry and Debra sold the real estate to Daniel for $30,000 in cash. At the closing, attorney Samuel Vogt ("Vogt") represented Jerry and Debra.

---

1. We heard oral argument in the courtroom of the Posey Circuit Court on October 9, 1997.

Daniel was not represented by counsel. Vogt prepared a closing statement which distributed the proceeds from the sale among Jerry, Debra and Betty.[2] At the time of the sale, Jerry and Debra also executed a warranty deed which included a provision that each was conveying and warranting his respective undivided one-half interest in the real estate. Daniel signed a statement prepared by Vogt which acknowledged that Vogt had not examined the title to the real estate and that he had not made any representations to her about the title.

After Daniel's death in 1994, Miller discovered that three judgment liens had attached to the real estate prior to the sale. The judgments had been entered and the liens had been recorded against Debra individually and not against Jerry. After paying a total of $11,500 for release of the liens, Miller filed a complaint against Jerry and Debra in June of 1995 for breach of the warranty deed alleging that when they sold the property to Daniel the title was not free and clear but was encumbered by the judgment liens. After a bench trial, the trial court entered judgment against Jerry and Debra jointly and severally. Debra's obligation was discharged in bankruptcy. Jerry now appeals.

## DISCUSSION AND DECISION

Jerry argues that the provision in the deed limited his warranty to his undivided one-half interest in the property and, therefore, that he cannot be liable for the breach which resulted from judgment liens recorded against Debra. Miller counters that Jerry and Debra held an undivided interest in the whole property and, therefore, that the liens against Debra encumbered the entire title. Thus, Miller contends that Jerry and Debra are jointly liable on the warranty deed.

### Standard of Review

Indiana Trial Rule 52(A) sets forth the standard of review which an appellate court must utilize when considering the appeal of a trial court judgment entered after a bench trial. The record does not reflect a request by either of the parties for specific

findings. Instead, the trial court entered specific findings of fact and conclusions thereon sua sponte. With respect to the issues covered by the findings we must determine whether the findings are sufficient to support the judgment. *Nelson v. Gurley,* 673 N.E.2d 497, 499 (Ind.Ct.App.1996). In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The court's findings and judgment will not be set aside on appeal unless they are clearly erroneous. *Patterson v. Grace,* 661 N.E.2d 580, 584 (Ind.Ct.App. 1996). The findings are clearly erroneous if the record contains no facts which support the findings either directly or by inference. *Id.* The judgment is clearly erroneous if it is unsupported by the findings of fact and the conclusions which rely on those findings. *Id.*

The relevant findings and conclusions for the purposes of this appeal state:

1. That on August 20, 1993, the defendants Jerry B. Windell and Debra L. Windell executed a Warranty Deed conveying their undivided interest in the real estate they owned as tenants in common to Tommye Opal (England) Daniel for the cash sum of $30,000; said Warranty Deed was recorded on August 23, 1993.

2. That three (3) judgment liens against Debra L. Windell attached to said real estate prior to the execution of the Warranty Deed.

* * * * *

4. That the Defendants Jerry B. Windell and Debra L. Windell breached the warranties guaranteed by the Warranty Deed and they are jointly and individually liable to the Plaintiff in the sum of $11,500 plus court cost of $100.00 under Count I of Plaintiff's Complaint.

Record at 150–51.

### Tenancy in Common

We begin our review by considering the nature of a tenancy in common. A

---

**2.** The proceeds from the sale of the real estate was distributed as follows:

Jerry B. Windell . . . . . . . . . . $11,771.26
Debra L. Windell . . . . . . . . . . $11,271.26
Betty G. Windell . . . . . . . . . . $ 6,957.48

tenancy in common is property held by two or more persons by several and distinct titles. 27 I.L.E. *Tenancy in Common* § 1 (1960). Tenants in common are united only by their right to possession of the property. 86 C.J.S. *Tenancy in Common* § 3 (1997). The rights and interests of tenants in common are several, and there is no unity of title between them. *Id.* § 40. There is no implied agency on the part of one cotenant in common to bind the interest of another cotenant. *Mann v. Schnarr,* 228 Ind. 654, 668–69, 95 N.E.2d 138, 144 (1950).

## Judgment Lien

We next consider the operation of a judgment lien and how a lien against one cotenant affects the interest of another cotenant. A judgment is a lien only on the debtor's interest in the land. *See Wright v. Jones,* 105 Ind. 17, 28, 4 N.E. 281, 287 (1886) ("the interest which the lien of a judgment affects is the actual interest which the debtor has in [the] property."). Since cotenants do not act as agents, the rights of one cotenant in the common estate cannot be impaired by liens against the other without his consent. *Foltz v. Wert,* 103 Ind. 404, 409, 2 N.E. 950, 954 (1885). It follows that creditors of one tenant in common can only enforce their claims against their debtor's interest in the common estate subject to all the equitable interests of the other tenants therein. *Peck v. Williams,* 113 Ind. 256, 258, 15 N.E. 270, 272 (1888). Here, the three judgment liens were only against Debra and were not against Jerry. Because Jerry's undivided interest could not be encumbered by the liens against Debra, and Debra's creditors could not have enforced their claims against Jerry, his interest in the property was not liable to execution to satisfy Debra's liens.[3]

## Covenants of Title

We must also consider whether Jerry, whose interest in the property was unencumbered, could limit his warranty to his undivided one-half interest. There are various methods by which a grantor can modify the covenants of title in a general warranty deed. A warranty deed is a deed in which the grantor warrants good clear title. 10 I.L.E. *Deeds* § 2 (1983). The usual covenants of title are warranties of seisen, quiet enjoyment, right to convey, freedom from encumbrances, and defense of title as to all claims. *Id.* If the extent of the warranty is limited, it is known as a "special warranty deed" or a "limited warranty deed." 2 RUFFORD G. PATTON, L.L.B. & CARROLL G. PATTON, L.L.B., PATTON ON LAND TITLES, § 331 (2d ed.1957).

Under Indiana Code § 32–1–2–12, the words "convey and warrant" comprehend and express all the covenants of title as fully as if they were written out at length in the deed. *Jackson v. Green,* 112 Ind. 341, 342, 14 N.E. 89, 90 (1887). As previously stated, one of these covenants is the grantor's guarantee that the real estate is "free from all encumbrances." *McClaskey v. Bumb & Mueller Farms, Inc.,* 547 N.E.2d 302, 304 (1989), *trans. denied.* However, the covenants of title may be modified by additional terms contained within the text of the deed providing for exceptions, reservations, conditions or other covenants.

In the present case, the warranty deed states, in relevant part:

> The grantors Jerry B. Windell and Debra L. Windell, by their execution of this Deed, are each conveying and warranting *their [sic] respective undivided one-half interests* in and to the above-described real estate.

(Emphasis added). Jerry argues that this provision effectively limits his warranty to his undivided one-half interest, thereby creating several liability. Miller counters that the provision merely advises the grantee that Jerry and Debra are conveying the property as tenants in common.

In *Ragle v. Dedman,* 50 Ind.App. 359, 98 N.E. 367 (1912), we considered whether the covenants of title in a warranty deed from tenants in common were joint or several. In that case, although only one of the tenants in common had a valid judgment lien against him prior to the conveyance, the grantees

---

**3.** Any final judgment for the recovery of money or costs shall be a lien upon real estate that is liable to execution in the county where such judgment has been entered. *See* IND.CODE § 34–1–45–2.

brought suit against all of the cotenants for breach of the covenant against encumbrances. *Id.* The trial court found that the tenant with the encumbered interest was solely liable for the breach, and the issue on appeal was whether the covenant in the deed was to be construed as joint or several. *Id.*

 The *Ragle* court reasoned that "[t]he rights of the parties must be measured by their agreement as expressed in the deed." *Id.* at 362, 98 N.E. 367. This court then recognized the principle that "[i]n the case of parties demising or granting the separate interest of each in an estate, the covenant shall be considered co-extensive with the interest granted; and, therefore, these shall be several, where a several interest is granted; and joint, if a joint interest is granted." *Id.* (citing *Evans v. Sanders,* 49 Ky. 291, 292 (1850)). We concluded that "[w]here an obligation is created by two or more, the general presumption is that it is joint, and words of severance are required in order to confine the liability of the covenantor to his own acts." *Id.* at 363, 98 N.E. 367 (citations omitted). This comports with the general rule that with respect to third persons, the entire tenancy constitutes a joint estate and a single entity in all dealings affecting it as a whole. *See* 86 C.J.S. *Tenancy in Common* § 3 (1997).

### Words of Severance

 The deed in *Ragle* contained no provision limiting the broad scope of the covenant against all encumbrances. *Id.* at 361, 98 N.E. 367. We found no indication that the covenant was intended to be limited to the separate interests but that the wording of the deed imported a joint obligation. *Id.* at 363, 98 N.E. 367. Thus, we held that absent "words of severence," a warranty deed executed by tenants in common will bind the cotenants jointly in the event a breach occurs.

 Here, we must determine whether the warranty deed contains "words of severence" that limit Jerry's covenants of title to his undivided one-half interest. *Id.* There are several rules of construction to be used when construing the meaning of a particular deed. The object of deed construction is to ascertain the intent of the parties. *Brown v. Penn. Cent. Corp.,* 510 N.E.2d 641, 643 (Ind.1987). Where there is no ambiguity in the deed, the intention of the parties must be determined from the language of the deed alone. *Id.* Where ambiguous language exists in a deed that was prepared by the grantor, that language should be construed against the grantor and in favor of the grantee. 10 I.L.E. *Deeds* § 99.

 The warranty deed states that "[T]he grantors Jerry B. Windell and Debra L. Windell ... are each conveying and warranting their [sic] respective undivided one-half interest in and to the above-described real estate." The significant term within this provision is "respective." The plain meaning of the word respective is "[r]elating to particular persons or things; particular; several; as, their respective homes." BLACK'S LAW DICTIONARY 1311 (6th ed.1990). The provision in the deed not only notifies Daniel that Jerry and Debra were tenants in common but also clearly states their intent to convey and warrant their own particular or several interests. As we stated in *Ragle*, "[T]he contract, as expressed in the deed, must be enforced as made...." *Ragle*, 50 Ind.App. at 363, 98 N.E. 367 (citations omitted). Unlike the parties in *Ragle*, the deed executed by Jerry and Debra includes "words of severence" that confine the liability of each to his own particular acts and, thus, limit Jerry's warranty to his undivided one-half interest.[4]

---

4. The parties dispute a separate issue regarding constructive notice. Because determination of that issue does not affect our decision, we only address the issue briefly. Jerry argues that Daniel should be charged with constructive notice of the three judgment liens against Debra because they had been recorded prior to the sale. Miller counters that Daniel had no such notice, and even if she had, notice would not bar a subsequent cause of action for breach of the warranty deed. We agree with Miller. The covenants of title are what distinguish a warranty deed from other types of deeds. *See* 10 I.L.E. *Deeds* § 2. If all grantees are presumed to have knowledge of encumbrances against the property that are recorded prior to the conveyance, grantors would need to utilize only quitclaim deeds, which contain no covenants of title. We conclude that to

## CONCLUSION

As tenants in common, Jerry and Debra conveyed the property as a common estate to Daniel. The three judgment liens against Debra that had been recorded prior to the sale encumbered only Debra's interest in the property and did not affect Jerry's interest. The provision inserted in the warranty deed contains "words of severence" that limit Jerry's warranty to his undivided one-half interest in the common estate. Accordingly, the judgment that Jerry and Debra were jointly liable for breach of the warranty deed was clearly erroneous. We hold that because only Debra's interest in the common property was encumbered and liable to execution, and Jerry limited his warranty to his own interest, Jerry cannot be held responsible for breach of the covenant that the real estate was free from all encumbrances. We reverse the trial court's judgment that Jerry was liable for Miller's damages.

Reversed.

ROBERTSON and BAKER, JJ., concur.

charge a grantee with constructive notice of liens that have been duly recorded would, in effect, defeat the purpose of executing a warranty deed.