**In the Matter of FEDERAL INSULATION DEVELOPMENT CORPORATION, Debtor.**

**Bankruptcy No. 3–79–01908.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Sept. 10, 1981.

Eugene P. Everhart, Asst. Atty. Gen., Bureau of Employment Services, Columbus, Ohio.

James R. Warren, Springfield, Ohio, Trustee.

John I. Brichacek, New Carlisle, Ohio, for debtor.

CHARLES A. ANDERSON, Bankruptcy Judge.

The facts are not in dispute and special findings are unnecessary.

The above debtor filed a bankruptcy petition with this Court under 11 U.S.C. §§ 701, *et seq.*, on November 5, 1979. On 11 May 1981 the Trustee "disallowed as forfeiture" the Ohio Bureau of Employment Services claim in the amount of $35.47. This case is now before the Court on memorandum of the Attorney General of the State of Ohio (hereinafter the A–G), in support of the Ohio Bureau of Employment Services (hereinafter O.B.E.S.) claim, which was listed as a creditor in the debtor's schedules. This claim against debtor's estate consists of two separable claims, one for four hundred forty two and 64/100 dollars ($442.64), representing state unemployment contributions owed by debtor to the unemployment compensation fund, and another for thirty five and 47/100 dollars ($35.47) representing a "forfeiture" owed by debtor to the unemployment compensation *special administrative* fund. The thirty five and 47/100 dollar ($35.47) forfeiture (hereinafter "the forfeiture"), is owed because of debtor's failure to file a contribution report regarding the four hundred forty two and 64/100 dollar ($442.64) state unemployment contribution. See O.R.C. §§ 4141.10(A), .11(B), and .20. The Trustee in Bankruptcy "allowed" the four hundred forty two and 64/100 dollar ($442.64) claim. See 11 U.S.C. § 502(a). The A–G contests the Trustee's disallowance and alleges that the forfeiture is neither disallowable nor dischargeable.

■ The issues demonstrate a change in administrative practices incumbent upon trustees in bankruptcy between that under the Bankruptcy Act and the Bankruptcy Code enacted in 1978. Even though the Trustee herein objected to the "allowance" of the forfeiture claim, such practice is not necessary under the Code. Even though the consequences are practically the same as under the Act, such forfeiture claims which are not compensation for actual pecuniary loss, are by statute now recognized (allowed), but the priority is automatically subordinated to a position inferior to all other claims, except interest on paid claims and the return of "excess funds" to a debtor. See 11 U.S.C. § 726(a)(4).

As fourth priority claims, distribution under the Bankruptcy Code is a ministerial act and the Trustee does not have the burden to disallow the O.R.C. § 4141.20 forfeiture.

■ The A–G contends that the forfeiture is a governmental claim ranked in priority by 11 U.S.C. § 507(a)(6), and therefore not dischargeable under 11 U.S.C. § 523(a)(1)(A). The A–G also contends that the forfeiture is the type of forfeiture ranked in priority by 11 U.S.C. § 726(a)(4), and that "... [these] interrelated sections of the New Bankruptcy Code ... clearly indicate priority status, requisite distributive procedure and non-dischargeability determination be accorded governmental statutory forfeiture [sic]." Put simply, a forfeiture cannot be covered by both 11 U.S.C. §§ 507(a)(6) and 726(a)(4); the Code does not allot two priority rankings for a single claim. Hence, a forfeiture cannot be "compensation for actual pecuniary loss," 11 U.S.C. § 507(a)(6)(G), and also "not compensation for actual pecuniary loss," 11 U.S.C. § 726(a)(4).

This Court finds that the forfeiture involved *instanter* is "not compensation for actual pecuniary loss" and, thus, is ranked in priority by only 11 U.S.C. § 726(a)(4). O.R.C. § 4141.20 indicates that the instant forfeiture is "punitive" in nature. O.R.C. § 4141.20 provides that a "forfeiture" is imposed on an employer of ten per cent (10%), (but not less than five (5) or greater than twenty five (25) dollars), quarterly of any overdue unpaid balance owed to the unemployment compensation fund. The amount of the "forfeiture" does not relate to the amount of "pecuniary loss," 11 U.S.C. § 507(a)(6)(G), suffered by the state; the sole function of the report is to encourage

contribution report filings. No forfeiture is assessed under O.R.C. § 4141.20 if a report is filed even though no contribution is made; i. e., no forfeiture is assessed regardless of the fact of pecuniary loss if filing procedures are complied with. In addition, forfeiture proceeds are kept in a "special" fund which is maintained separately from the larger "pecuniary" fund. O.R.C. § 4141.11(B). Congress intended that punitive forfeitures of this nature be ranked in 11 U.S.C. § 726(a)(4) and thus "subordinated to all other classes of claims except for interest accruing during the case." 11 U.S.C. § 726; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978), 96–97, U.S.Code Cong. & Admin.News 1978, p. 5787.

The first issue before the Court, therefore, is whether 11 U.S.C. § 726(a)(4) claims are disallowable by the Trustee. This Court finds that they are not. 11 U.S.C. § 502(a) provides that a claim is automatically "allowable" unless a "party in interest" objects. 11 U.S.C. § 502(a), therefore, empowers the Trustee, as a party in interest, with the right to object. The Trustee's right to object to the allowance of a claim, however, is limited to the reasons enumerated in 11 U.S.C. § 502(b), none of which apply to the instant facts. Since the Trustee's avoidance powers are not in issue, (see 11 U.S.C. §§ 544, 545, 547 and 549), the Trustee does not have the authority under the Code to disallow the O.B.E.S. claim against debtor's estate. Instead, the statutory scheme in this instance is to allow the forfeiture but rank it low in priority. 11 U.S.C. §§ 724 and 726.

■ The second issue raised by the A–G is whether the forfeiture is dischargeable. This Court first notes that under Chapter Seven, the debts of a corporation are not discharged. Instead, the corporation becomes defunct and the issue of dischargeability irrelevant. 11 U.S.C. § 727(a)(1).

*IT IS HEREBY ORDERED, ADJUDGED AND DECREED* that the O.B.E.S. claim of thirty five and 47/100 dollars ($35.47) be allowed and accorded priority for payment under 11 U.S.C. § 726(a)(4). No payment is to be made until and unless all claims having a greater priority are satisfied.