**In re TRI–R BUILDERS, INC., Debtor.**

**William F. BRADEN and Collette N. Braden, Plaintiffs,**

**v.**

**TRI–R BUILDERS, INC., Defendant.**

**Bankruptcy No. 82–61990.
Adv. No. 83–6237.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

April 22, 1986.

Marc Donaldson, Crown Point, Ind., for defendant.

Michael L. Muenich, Highland, Ind., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

KENT LINDQUIST, Chief Judge.

### Statement of Proceedings

This matter comes before the Court on a Motion for Summary Judgment filed by Tri-R Builders, (hereinafter: "Tri-R"), Defendants and Debtors herein. The Motion for Summary Judgment was filed after the issues were closed in this matter. William F. Braden and Collette N. Braden, (hereinafter "Bradens"), the plaintiffs herein, filed a Response to the Motion for Summary Judgment and neither party has requested a hearing on the Motion for Summary Judgment.

### Findings of Fact

The facts of this case revolve around a contract entered into by the Bradens and Tri-R on September 19, 1980. That contract called for Tri-R to build a residential home for the Bradens. The amount of the contract was $73,174.00. Subsequent to the contract, the Bradens met with and procured a loan from First Federal Savings & Loan of Valparaiso, Indiana, in the amount of $53,865.00. In addition, they also placed in an account $19,309.00 of their own funds. At a time undetermined, the Bradens made certain additions to the original contract in the amount of $4,519.64.

Again on a date uncertain from the pleadings, Tri-R began construction. On January 20, 1981, Tri-R made its first draw on the construction account. That draw was in the amount of $29,995.00. On February 24, 1981, Tri-R made its second draw upon the construction account. That draw was for $29,313.55. Thereafter, Tri-R submitted an additional draw of $13,343.45.

That amount closed the construction account. It is also the amount the Bradens alledged was drawn on false affidavits and waivers.

On December 17, 1982, Tri-R sought bankruptcy relief. Tri-R originally filed a chapter 11 bankruptcy, which was converted to a case under chapter 7 on September 6, 1983.

On December 20, 1983, the Bradens filed an "Adversarial Complaint and Objections to Discharge in Bankruptcy". The complaint alleges that it is an action under 11 U.S.C. § 727 or 11 U.S.C. § 523(a)(2). It prays that discharge be denied. It additionally alledges that Tri-R engaged in fraudulent conduct by apparently drawing more funds from the construction account then were actually necessary to complete the contract. The complaint also alledges that the additional funds were procured as a result of false pretenses, misrepresentation and fraud on the part of Tri-R.

On January 4, 1984, Tri-R filed its Answer. The answer admitted various paragraphs, denied others, and stated Tri-R had insufficient information to answer certain other paragraphs.

Nothing occurred in the case until March 8, 1984, when Tri-R filed its Motion for Summary Judgment. Accompanying the motion for summary judgment was affidavit by the president of Tri-R, Thomas E. Kersey. The motion for summary judgment alleges the Bradens fail to allege any grounds upon which relief could be granted in that they failed to attach any false financial statements or any other writings necessary to comply with the requirements of 11 U.S.C. § 523(a)(2). The motion further states that there was no extension of credit within the perimeters of 11 U.S.C. § 523(a)(2), and that there are no material issues of fact in the matter.

The accompanying affidavit by Thomas Kersey states that he is the president of Tri-R. It further alleges in paragraph two that he was familiar with the course of dealings between the Bradens and Tri-R. The third paragraph alleges that Tri-R never obtained money, property, services or extensions of refinance or credit by any false statements, written or oral.[1] The fourth and final paragraph states that the complaints by the Bradens are due to defects which were caused by subcontractors and not Tri-R.

On March 19, 1984, the Bradens responded with their Response to Motion for Summary Judgment. The response sets out the facts stated above and attaches exhibits A through K.[2]

Tri-R did not file a response to the March 19, 1984 filing by the Bradens. And neither party has requested a hearing on the motion for summary judgment.

We recite the above facts merely for informational purposes. Because of our decision herein, we need not reach the question of their validity or whether the facts are disputed. The following facts are undisputed, and are all that are necessary to decide this matter.

First, Tri-R is a corporation organized and operating under the statutes of the state of Indiana, and doing business at 401 Lake Street, Crown Point, Indiana. The Bradens so allege in paragraph two of the complaint and Tri-R admits the same in paragraph two of its answer. Therefore the fact is true for the purposes of this hearing.

Second, Tri-R filed a Chapter 11 bankruptcy which was converted to a case under Chapter 7 on September 6, 1983. This is clear from the Court's own record.

Again from the Court's own record, it is clear that the case has not been converted to any other chapter under title 11 subse-

---

1. We need not reach the issue of the admissibility of the statement contained in paragraph three. It appears to be a self-serving statement, and a conclusion of law which would not be admissible under the federal rules of evidence. But due to our holding in this case, the issue of admissibility need not be reached.

2. We need not reach the issue of whether Federal Rule of Civil Procedure 56(e) would bar the admission of exhibits and documents attached to the response to motion for summary judgment filed by the Bradens because the exhibits and documents were not authenticated by affidavits or some other means of certification.

quent to its conversion to Chapter 7 on September 6, 1983.

Third, the action brought by the Bradens is an action to deny discharge under 11 U.S.C. § 727, or to determine the nondischargeability of a debt under 11 U.S.C. § 523(a)(2).

### Conclusions of Law

Tri-R alleges in its motion for summary judgment that there are no issues of fact for the Court to decide in this matter because Tri-R never obtained money under false pretenses. Tri-R seemingly ignores the cause of action alledged by the Bradens under 11 U.S.C. § 727. While we agree that there are no issues of fact to be decided in this case, we disagree on the basis for rendering summary judgment against the Bradens.

We are comfortable abandoning the basis argued by the movant in a motion for summary judgment and resorting to different grounds to grant the motion. The Seventh Circuit in *Board of Nat Missions of Presbyterian Church v. Smith*, 182 F.2d 362 (7th Cir.1950), has held that the granting of summary judgment on a reason or basis different than that assigned by the movant is immaterial where the motion is properly granted on undisputed facts. *See also*, 28 Fed. Procedure L.Ed., *Pleadings and Motions*, § 62:553, p. 48.

Tri-R, the defendant herein, is an Indiana corporation by admission of the parties. A corporation is not entitled to discharge under chapter 7. 11 U.S.C. § 727(a). *See also*, 4, L.King, *Ed., Collier on Bankruptcy*, ¶ 727.01[2], p 727-7—727-8.

As stated in *Collier's:*

Section 727(a)(1) provides unless the Debtor is an individual he shall not be granted a discharge in a liquidation proceeding under chapter 7 of the Code. Thus, in a departure from pre-Code law, partnerships and corporations can no longer receive a discharge in a liquidation case. The policy behind this provision is the prevention of trafficking in corporate shells and bankruptcy partnerships.

4, L.King, *Ed., Collier on Bankruptcy*, ¶ 727.01, p 727-7.

The legislative history is equally clear. It states:

This section [§ 727] is the heart of the fresh start provisions of the bankruptcy law. Subsection (a) requires the court to grant a debtor a discharge unless one of eight conditions is met. The first condition is that the debtor is not an individual. This is a change from present law, under which corporations and partnerships may be discharged in liquidation cases, though they rarely are. The change in policy will avoid the trafficking in corporate shells and in bankruptcy partnerships.

H.R.Rep. No. 595, 95th Cong. 1st Sess. 384 (1977); *see also*, S. Rep. No. 989, 95th Cong.2d Sess. 98 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5884, 6340.

In a similar situation, the Bankruptcy Court for the Southern District of Ohio has addressed the issue of dischages of a corporation. The facts in that case involved a dispute over a claim filed by the State of Ohio. The state through the attorney general contested the trustee's disallowance of the claim and alleged the claim was nondischargeable. The Court stated:

The second issue raised by the A–G is whether the forfeiture is dischargeable. This Court first notes that under Chapter Seven, the debts of a corporation are not discharged. Instead, the corporation becomes defunct and the issue of dischargeability irrelevant.

*Matter of Federal Insulation Development Corp.*, 14 B.R. 362, 364 (Bankr.S.D. Ohio W.D.1981); *Accord, Matter of Springfiled Const. Co.*, 31 B.R. 395, 396 (Bankr.S.D.Ohio W.D.1983).

Under section 523 of title 11 certain debts are nondischargeable. It follows that where a debtor is not granted a discharge as in this case due to Tri-R's corporate status, that determinations of dischargeability of individual debts need not be made. It has been stated:

Section 523 specifically excepts certain debts from discharges granted under sec-

tion 727, 1141 or 1328(b). Ten types of debts are enumerated as excepted from discharge of "an individual debtor." It must be particularly noted that section 523 applies only to individual debtors. This is true in a chapter 7 case, because section 727 limits discharge to individuals in a liquidation case.

3, L.King, *Ed. Collier on Bankruptcy,* ¶ 523.03, p 523–10.

■ Therefore in the present case, to the extent that the Bradens bring an action under 11 U.S.C. § 727 to deny discharge to the debtor, summary judgment shall issue. It is undisputed that the debtor, Tri-R, is a corporation. Due to that status, it is not entitled to discharge under 11 U.S.C. § 727. Therefore, judgment shall be entered on behalf of Tri-R.

■ To the extent that the Braden's complaint prayed for a determination of dischargeability of debt under 11 U.S.C. § 523(a)(2), summary judgment shall also be granted. There are no disputed facts necessary for this decision. It is clear, that Tri-R is not entitled to discharge under § 727. It follows, that the determination of dischargeability of a debt under 11 U.S.C. § 523 is a meaningless task. The filing of a chapter 7 creates a defunct corporation. In other words, the corporation ceases to operate or own any assets, but, may be technically a *De Jure* corporation by virtue of its certificate of incorporation from the state. Therefore, summary judgment shall be granted.

IT IS THEREFORE ORDERED that Tri-R's motion for summary judgment shall be GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter a judgment for defendant in this matter.