A05A2003. THORNTON et al. v. MANKOVITCH et al.
(626 SE2d 189)

JOHNSON, Presiding Judge.

Michael Thornton, Harry Lembeck, and the Law Office of Michael Thornton, P.C. (collectively "Thornton") seek review of the trial court's partial denial of their motion for summary judgment. At issue is whether DT&S Enterprises, Inc. may bring a legal malpractice and breach of fiduciary duty action against Thornton following DT&S's involuntary Chapter 7 bankruptcy proceeding at which the bankruptcy trustee settled the estate. We find that the trustee's settlement of the estate resulted in the corporation being classified as "defunct." And, since a defunct entity lacks standing to sue, we find the trial court erred in denying Thornton's motion for summary judgment as to DT&S. The trial court's order as to DT&S is reversed.

The material facts in this case are not disputed. The record shows that Thornton was retained by DT&S and Frank Mankovitch, CEO of DT&S, to represent them in a lawsuit against the United States Postal Service ("USPS"). Subsequently, creditors of DT&S filed an involuntary Chapter 7 bankruptcy petition, and Martha Miller was appointed as trustee. Thornton was hired as special counsel to the trustee to pursue the estate's claim against USPS, which claim was the sole asset of the corporation. The Eleventh Circuit ordered DT&S and USPS to mediation, and the parties agreed to terms of settlement. According to the terms, USPS would pay $575,000 to the estate and withdraw its general, unsecured claim against the estate. The settlement would pay creditors 92 cents on the dollar.

The trustee filed a motion to approve the settlement with the bankruptcy court. Mankovitch, on behalf of DT&S, filed an objection to the settlement. Following two hearings, the bankruptcy court approved the settlement. Mankovitch and DT&S then filed the present legal malpractice and breach of fiduciary duty claim against Thornton, contending Thornton settled the breach of contract action against USPS without permission and for an amount not in their best interests. Because it was DT&S's bankruptcy trustee who settled the claim with USPS, which settlement was approved by the bankruptcy court, Thornton moved for summary judgment. The trial court granted summary judgment as to Mankovitch individually because there was no evidence that he would be entitled to any surplus of the bankruptcy estate.[1] However, the trial court denied summary judgment as to DT&S, finding a cause of action for malpractice and breach of fiduciary duty was potentially viable since those entitled to any surplus of the estate would have a residual interest that could have

---

[1] The evidence was undisputed that Mankovitch was not a shareholder in DT&S.

been compromised by Thornton's dual representation of DT&S and the bankruptcy estate. We granted interlocutory review. Following a thorough review of the applicable case law, we find that DT&S lacked standing to sue Thornton. We therefore reverse the trial court's order.

Under federal bankruptcy law, DT&S became a "defunct corporation" without existence to operate outside the scope of the bankruptcy estate upon the filing of the Chapter 7 bankruptcy.[2] Title 11, United States Code, Section 727 (a) provides that a corporation is not entitled to discharge under Chapter 7 bankruptcy. The intent of the statutory provision has been interpreted to preclude the continued existence of such corporations.[3] The consequence of denying discharge to a corporation in a Chapter 7 proceeding is to render such entities "defunct," which is akin to a dissolved corporation.[4] As a defunct corporation, DT&S ceased to exist: it lost the right to own or operate assets and lost the right to pursue pre-petition causes of action, such as its claim against USPS.[5] Thus, the breach of contract claim against USPS became the property of the DT&S bankruptcy estate, not DT&S itself.[6] Based upon the holdings of the federal bankruptcy courts, Thornton's claim that DT&S lacked standing to sue has merit.

Mankovitch and DT&S claim that they have standing to sue because at the time of the settlement, Thornton violated the conflict of interest rules by representing both DT&S and the bankruptcy estate. However, we find no conflict. Upon the filing of the involuntary Chapter 7 bankruptcy by the creditors of DT&S, the DT&S bankruptcy estate became the real party in interest in the case against USPS, and DT&S no longer had a cognizable interest in the settlement or outcome of the DT&S litigation.[7] Therefore, DT&S ceased to have any interest in the USPS litigation to which Thornton's representation of the bankruptcy estate could have been adverse and there could be no conflict of interest.

Moreover, once a trustee was appointed to represent the corporation, no party beside the trustee in bankruptcy could represent the debtor corporation because the bankruptcy trustee was granted complete authority and discretion with respect to prosecuting or

---

[2] *In the Matter of Liberty Trust Co.*, 130 BR 467, 471 (Bankr. W.D. Tex. 1991); *In the Matter of Fed. Insulation Dev. Corp.*, 14 BR 362, 364 (Bankr. S.D. Ohio 1981); *In re Tri-R Builders, Inc.*, 86 BR 138, 141 (Bankr. N.D. Ind. 1986).

[3] *In the Matter of Liberty Trust Co.*, supra at 472.

[4] Id. at 471.

[5] *U. S. Dismantlement Corp. v. Jeffrey M. Brown Assoc.*, 2000 U. S. Dist. LEXIS 5347 (7)-(12) (E.D. Pa. 2000); *In re Tri-R Builders*, supra.

[6] 11 USCS § 541 (a).

[7] Id.; *U. S. Dismantlement Corp.*, supra.

defending any litigation involving the debtor.[8] Without any discharge in bankruptcy there is no residue remaining in the corporation which would entitle the debtor to be represented by someone other than the court appointed trustee.[9] Thus, contrary to Mankovitch's and DT&S's arguments, there could be no conflict of interest on the part of Thornton.

Even assuming there was some violation of the conflict of interest rules, Mankovitch's and DT&S's claims still fail because they failed to produce any evidence that an alleged violation of the conflict of interest rules was the proximate cause of the damage to them.[10] Mankovitch and DT&S allege they were damaged because Thornton approved or recommended settlement in an amount that was too low. However, the undisputed facts show that the bankruptcy trustee agreed to the settlement with USPS, which settlement was approved by the bankruptcy court. Although Thornton recommended the settlement, there was no evidence that they effected the settlement as alleged in the complaint. Furthermore, there is no evidence that the bankruptcy trustee would have reached a different decision if Thornton had declined to serve as the DT&S bankruptcy estate's special litigation counsel or had withdrawn from the court-ordered mediation due to this alleged conflict of interest. The trial court erred in denying Thornton's motion for summary judgment as to DT&S.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JANUARY 12, 2006.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Jamie P. Woodard*, for appellants.

*Roy B. Roberts*, for appellees.

---

[8] 11 USCS § 363; *Sandra Cotton, Inc. v. Bank of New York*, 87 BR 272, 274 (W.D. N.Y. 1988).

[9] Id.

[10] See *Allen Decorating, Inc. v. Oxendine*, 225 Ga. App. 84, 88 (2) (483 SE2d 298) (1997).