## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2019, 5:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert L. Nicholson
Carson, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES

Kevin L. Likes
Likes Law Office, LLC
Auburn, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Klink Trucking, Inc.,

*Appellant-Plaintiff,*

v.

Structures, Inc., and Klink Concrete, Inc.,

*Appellees-Defendants,*

and

Michael R. Klink,

*Appellee-Garnishee Defendant.*

October 31, 2019

Court of Appeals Case No. 19A-CC-319

Appeal from the DeKalb Superior Court

The Honorable Monte L. Brown, Judge

Trial Court Cause No. 17D02-0608-CC-236

**Mathias, Judge.**

Klink Trucking, Inc. ("KTI") appeals the DeKalb Superior Court's denial of its motion to set aside an allegedly fraudulent transfer of certain real estate by Structures, Inc. d/b/a Klink Concrete, Inc. ("Structures") to Michael R. Klink ("Michael"). KTI presents two issues on appeal, which we restate as: (1) whether the trial court erred by holding that KTI's monetary judgment against Structures had been discharged in Structures's bankruptcy case, thereby precluding KTI's attempt to collect on the judgment; and (2) whether the trial court erred in concluding that KTI could not proceed in its efforts to set aside the transfer of the real estate from Structures to Michael because KTI failed to name as a defendant Michael's wife, Debra Klink ("Debra").

We affirm.

## Facts and Procedural History

The facts underlying the present case are undisputed. Klink Concrete, Inc. was an assumed name of the corporate entity Structures, Inc.[1] In 2005, Structures received a large amount of aggregate (consisting of sand, gravel, and limestone) for the construction and operation of a concrete plant. A dispute arose between KTI and Structures over this aggregate, and Structures did not pay KTI for the aggregate. As a result, KTI filed suit against Structures on August 14, 2006.

On April 2, 2007, Structures sold a majority of its assets to Fidler, Inc. ("Fidler"). At the same time, Structures entered into a ground lease with Fidler

---

[1] That is, Structures, Inc. and Klink Concrete, Inc. are the same legal entity.

concerning certain real estate ("Real Estate") still owned by Structures. Under this ground lease, Structures would use the proceeds from the lease to pay on debts still owed by Structures.

On August 18, 2008, Structures transferred the Real Estate to Michael and Debra in consideration for $1.00. After the transfer of the Real Estate, Structures had no assets. At the time of the transfer of the Real Estate, the present value of the payments from the ground lease was in excess of $350,000. Michael later testified that he had personally guaranteed Structures's debt and was in the process of refinancing this debt through Community State Bank. The Real Estate was used as collateral so Michael could refinance the debt. Michael was successful in refinancing the debt through Community State Bank and later refinanced the debt again through Garrett State Bank. The terms of the refinancing require the proceeds of the ground lease to be paid directly to Garrett State Bank.

A bench trial in the action between KTI and Structures took place on June 2, 2009, and the trial court entered judgment in favor of KTI on July 20, 2009 in the amount of $71,129.81, plus prejudgment interest of $21,247.56. KTI then filed proceedings supplemental to enforce the judgment against Structures and sought to pierce the corporate veil so that it could collect from Michael.

On March 24, 2014, Structures filed for bankruptcy under Chapter 7 of the Bankruptcy Code, and the state court proceedings were stayed on that date. KTI did not file an adversary proceeding in the bankruptcy case. The

bankruptcy proceedings were concluded on February 27, 2015. At this point, KTI moved the trial court to proceed with the state court action. On August 9, 2017, KTI sought leave to amend its complaint to add Michael as a party and to set aside the conveyance of the Real Estate as fraudulent. The trial court granted KTI's request to amend its complaint.

[8] A bench trial was held on the matter on September 11, 2018. The trial court entered an order granting judgment in favor of Michael on December 3, 2018, which provides in relevant part:

> 11. That in 2014, in bankruptcy case number 14-10598, Structures, Inc., filed bankruptcy and obtained a discharge of all of its debt, including that debt owed to [KTI].
>
> 12. That on March 24, 2014, proceedings in this case were stayed due to the Structures, Inc., bankruptcy filing. However, at no time during the pendency of said bankruptcy proceeding did Plaintiff contest said bankruptcy or the discharge of the debt "Structures" owed to Plaintiff.
>
> 13. That accordingly, as of the date of the trial in this matter, there no longer existed an enforceable obligation between Structures, Inc., and Plaintiff.
>
> 14. That Plaintiff's attempt to set aside the foregoing described deed from Structures, Inc., to Michael and [Debra] Klink, is premised and based on a debt formerly owed by Structures, Inc., to Plaintiff, but which debt no longer exists due to the bankruptcy and cannot form the basis for setting aside the transfer.
>
> 15. That pursuant to 11 U.S.C. 523(a)(6), the proper venue for Plaintiff to have preserved the judgment and the lien thereof, was an adversary action in the bankruptcy action filed by Structures,

Inc. That debt having been completely discharged, Plaintiff is barred from pursuing any attempt to collect the judgment.

16. That additionally, and oddly to this Court, Plaintiff failed to include [Debra] Klink, one of the owners of the subject real estate that is the subject of Plaintiff's claim, as a party defendant in this case. That [Debra] Klink not having been included as a party defendant, even if there was a basis to Order a "voidance" of the transfer and Order the real estate re-conveyed, the Court could not order [Debra] Klink to execute any deed or other conveyance of the subject real estate. Further, a deed signed by one of the two owners as tenants by the entireties is an invalid conveyance. *Wienke v. Lynch*[, 407 N.E.2d 280 (Ind. Ct. App. 1980)].

17. That for all of the foregoing reasons, judgment is entered in favor of Structures, Inc., and Michael R. Klink, and against the Plaintiff, [KTI].

Appellant's App. pp. 22–23. KTI now appeals.

## I. Discharge of Debts

KTI first argues that the trial court erred by concluding that it could not pursue its judgment against Structures because all of Structures's debts were "discharged" in the Chapter 7 bankruptcy proceedings. KTI contends, and Structures and Michael agree, that only the debts of individuals, not corporations, can be "discharged" in Chapter 7 bankruptcy proceedings. *See In re Tri-R Builders, Inc.*, 86 B.R. 138, 141 (Bankr. N.D. Ind. 1986) (holding that, as a corporation, debtor was not entitled to discharge of debts in Chapter 7 bankruptcy proceedings). The intent of Congress in denying discharge to corporations was to "avoid the trafficking in corporate shells and in bankruptcy partnerships." *Id.* at 140 (quoting H. R. Rep. No. 595, 95th Cong. 1st Sess. 384

(1977)). For corporations, "[t]he filing of a chapter 7 creates a defunct corporation. In other words, the corporation ceases to operate or own any assets, but, may be technically a De Jure corporation by virtue of its certificate of incorporation from the state."[2] *Id.* at 141.

[10] Thus, as a result of the bankruptcy proceedings, Structures became a defunct corporation with no assets. Even though its liabilities were technically not "discharged" because it is a corporation and not an individual, there are no assets remaining that belong to Structures for KTI to satisfy its judgment. If KTI wished to satisfy its judgment against Structures by claiming that the transfer of the Real Estate was fraudulent, it should have filed an adversary proceeding[3] in the bankruptcy estate. *See In re Colafranceschi*, 577 B.R. 817, 825 (Bankr. D. Idaho 2017) ("Ordinarily, any disagreement or question of whether property is or is not property of the estate requires adjudication through an adversary proceeding." (citing Fed. R. Bankr. P. 7001(2) (providing that an "adversary proceeding" includes "a proceeding to determine the validity, priority, or extent

---

[2] As explained by the Georgia Court of Appeals:

> Under federal bankruptcy law, [a corporation] bec[omes] a "defunct corporation" without existence to operate outside the scope of the bankruptcy estate upon the filing of the Chapter 7 bankruptcy. Title 11, United States Code, Section 727(a) provides that a corporation is not entitled to discharge under Chapter 7 bankruptcy. The intent of the statutory provision has been interpreted to preclude the continued existence of such corporations. The consequence of denying discharge to a corporation in a Chapter 7 proceeding is to render such entities "defunct," which is akin to a dissolved corporation. As a defunct corporation, [the corporation] cease[s] to exist: it los[es] the right to own or operate assets and los[es] the right to pursue pre-petition causes of action . . . .

*Thornton v. Mankovitch*, 626 S.E.2d 189, 191 (Ga. Ct. App. 2006).

[3] In the context of a bankruptcy case, an "adversary proceeding" is a sub-action raised within the bankruptcy case and commenced by the filing of a complaint. *In re Blevins Elec., Inc.*, 185 B.R. 250, 253 (Bankr. E.D. Tenn. 1995).

of a lien or other interest in property, but not a proceeding under Rule 3012 [for determining the amount of secured and priority claims] or Rule 4003(d) [for avoidance by debtors of transfers of exempt property].”); Fed. R. Bankr. P. 7001, Advisory Committee Notes (“Proceedings to which the rules in Part VII [including Rule 7001] apply directly include those brought to avoid transfers by the debtor under §§ 544, 545, 547, 548 and 549 of the Code[.]”).

[11] Although the trial court improperly referred to the “discharge” of Structures’s debts in the bankruptcy case, the fact remains that Structures is now a defunct corporation with no assets, and KTI should have initiated an adversary proceeding in the bankruptcy case if it wished to have the transfer of the Real Estate deemed fraudulent.

## II.   Failure to Name an Indispensable Party

[12] Moreover, even though the trial court erred in concluding that Structures’s liabilities had been discharged in bankruptcy, the trial court also concluded that the failure to add Debra as a party was fatal to KTI’s claim. KTI contends that the trial court erred by so concluding.

[13] Structures transferred the Real Estate, via a warranty deed, to “MICHAEL R. KLINK and DEBRA K. KLINK, husband and wife.” Ex. Vol., Plaintiff’s Ex. 6. Under the common law, when real property is conveyed to a husband and wife, their interest in the property is as tenants by the entirety, and not as joint tenants or tenants in common. *Underwood v. Bunger*, 70 N.E.3d 338, 342 (Ind.

2017) (citing *Chandler v. Cheney*, 37 Ind. 391, 410 (1871); *Hadlock v. Gray*, 104 Ind. 596, 598, 4 N.E. 167, 168 (1886)). As explained in *Underwood*:

> A tenancy by the entirety exists only between spouses and is premised on the legal fiction that husband and wife are a single entity. Once an entireties estate has vested, each spousal tenant becomes seized of the entire estate, but neither is seized of any divisible part thereof. *Thus, an entireties estate cannot be severed by the unilateral action of one of the tenants.* Neither spouse has a separable interest in property held by such a tenancy, so a conveyance by just one tenant is insufficient to pass legal title. An essential trait of this tenancy is that it devolves upon the surviving spouse the ownership of the property in real estate, *free and clear of the individual indebtedness of the other spouse.* When one spouse dies, the survivor, being already seized of the whole, can acquire no new or additional interest due to the survivorship. Rather, the survivor holds the entire estate, not by virtue of any right which he acquires as survivor, but by virtue of the original grant.

70 N.E.3d at 342–43 (citations and internal quotation marks omitted) (emphases added); *see also* Ind. Code § 34-55-10-2(c)(5) (providing that "[a]ny interest that the debtor has in real estate held as a tenant by the entireties" is exempt from execution unless the debtor and the debtor's spouse are jointly liable); *Bayes v. Isenberg*, 429 N.E.2d 654, 657 (Ind. Ct. App. 1981) ("property owned as an estate by entireties is immune to seizure and satisfaction of the individual debts of either husband or wife.").

[14] The common-law presumption in favor of an entireties estate for spouses is the default rule, but it can be defeated by conditions, limitations, and stipulations in the deed conveying the property showing that the grantor intended to convey a

different form of ownership. *Underwood*, 70 N.E.3d at 343 (citing *Hadlock*, 4 N.E. at 168). Here, there are no such conditions, limitations, or stipulations in the warranty deed conveying the Real Estate to Michael and Debra that would indicate that the grantor intended to convey a form of ownership other than an entireties estate.

[15] Accordingly, the Real Estate is immune to seizure and satisfaction of the debts or liabilities of Michael alone. *See Underwood*, 70 N.E.3d at 342–43; *Bayes*, 429 N.E.2d at 657. At the very least, this means that Debra was an indispensable party to any action seeking to undo the transfer of the Real Estate to her and Michael. For whatever reason, however, KTI did not name Debra as a party to its action.

[16] KTI argues[4] that if Debra was an indispensable party, then the correct course of action would have been for the trial court to join Klink as a party. *See Lutheran Hosp. of Ft. Wayne, Inc. v. Dep't of Pub. Welfare*, 397 N.E.2d 638, 647 (Ind. Ct. App. 1979) (holding that an action need not be dismissed merely because an

---

[4] KTI also argues that the Defendants have waived any argument regarding the failure to add Debra as a party by failing to present this argument to the trial court. KTI notes that in *Arnold v. Dirrim*, this court held that the failure to move before or during trial to join an indispensable party constitutes waiver. 398 N.E.2d 442, 448 (Ind. Ct. App. 1979) (citing Ind. Trial Rule 19(C) ("Nonjoinder under this rule may be raised by motion as provided in Rule 12(B)(7).")). However, in *Indiana Bureau of Motor Vehicles v. Gurtner*, we reiterated although an appellant may not present an argument that was not presented to the trial court, this limitation does not apply to an appellee who seeks to affirm the trial court's judgment. 27 N.E.3d 306, 311–12 (Ind. Ct. App. 2015) (citing *Citimortgage v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012) (holding that a party who has prevailed at the trial court "may defend the trial court's ruling on any grounds, including grounds not raised at trial."). "This rule is consistent with the presumption in all appeals that a trial court's judgment is correct as well as the general rule that on appeal we will affirm a judgment on any theory supported by the record." *Id.* at 312. (citation omitted). Accordingly, as appellees, Structures and Michael are not precluded from arguing on appeal that Debra was an indispensable party.

indispensable party was not named and that, in such a case, the correct procedure calls for an order, in the trial court's discretion, that the unnamed party be made a party to the action or that the action continue without the unnamed party). The problem with this argument, however, is that the statute of limitations has already run on any claim against Debra. KTI admits as much. *See* Appellant's Br. at 11 n.1. The statute of limitations has not run on claims against Michael because the fraudulent transfer claim was added via an amended pleading that relates back to the date of the original complaint naming Michael. Because this original complaint did not name Debra, it cannot relate back to her, as KTI admits. *See id.*

[17] Indeed, the general rule is that "a new defendant to a claim must be added prior to the running of the statute of limitation[.]" *Rieth-Riley Const. Co. v. Gibson*, 923 N.E.2d 472, 477 (Ind. Ct. App. 2010). Trial Rule 15(C) provides an exception to this rule. However, for this relation-back exception to apply:

> (1) the claim in the amended complaint must have arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint; (2) within 120 days after the commencement of the action, the party to be brought into the action must have received notice of the institution of the action so that it will not be prejudiced in maintaining a defense on the merits; and (3) within 120 days after commencement of the action, the party knew or should have known that if not for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by the amendment.

*Rieth-Riley*, 923 N.E.2d at 477–78 (citations omitted). KTI makes no argument that this exception applies. Indeed, it appears to concede that it does not. *See* Appellant's Br. at 11 n.1 (acknowledging that claim against Debra cannot relate back to the filing of the original complaint).[5]

[18] We are therefore left with a situation in which Debra cannot be added to the action even though she is an indispensable party, and any recovery against Michael cannot encumber Debra's interest in the Real Estate. KTI cannot therefore set aside the transfer of the Real Estate, as Debra is "seized of the entire estate," not "any divisible part thereof," and Debra owns the property "free and clear of the individual indebtedness" of Michael. *Underwood*, 70 N.E.3d at 342–43.

[19] KTI argues that "[i]t is not at all uncommon for a creditor to have a lien on an undivided interest in property," Appellant's Reply Br. at 7 (citing *Windell v. Miller*, 687 N.E.2d 585 (Ind. Ct. App. 1997). But the defendants in *Windell* owned the property at issue as tenants in common, not as tenants by the entirety. *Id.* at 586. Moreover, the court in that case concluded that, because the undivided interest of one cotenant could not be encumbered by the liens against the other cotenant, and because the cotenant's creditors could not have enforced their claims against the other cotenant, the non-debtor cotenant's interest in the property was not liable to execution to satisfy the debtor co-

---

[5] Moreover, there is no evidence that Debra received notice of the institution of the action within 120 days of its commencement.

tenant's liens. *Id.* at 588. This does not support KTI's position that it can satisfy its judgment by executing against Michael's interest in the Real Estate or by rescinding the transfer of the Real Estate from Structures to Michael and Debra.

## Conclusion

[20] Even though the trial court erred by concluding that Structure's debts were discharged in the bankruptcy case, the fact remains that KTI failed to bring an adversary proceeding in the bankruptcy case, which left Structures as a defunct corporation with no assets. Moreover, the trial court did not err in determining that KTI's failure to name or join Debra as a party before the expiration of the statute of limitations is fatal to its claim seeking to set aside the conveyance of the Real Estate from Structures to Michael and Debra as tenants by the entirety.

[21] Affirmed.

May, J., and Brown, J., concur.